VICKI H. YOUNG
Law Offices of Vicki H. Young
2211 Park Boulevard
Palo Alto, California 94306

Telephone     (650) 289-0635
Fax           (650) 289-0636

Counsel for Ross Colby

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 17-00168 LHK |
| )<br>Plaintiff, ) | |
| ) | DEFENDANT'S PROPOSED |
| v. ) | VOIR DIRE |
| ) | |
| ROSS COLBY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Ross Colby, by and through counsel, hereby requests permission for defense

counsel to conduct the examination of prospective jurors pursuant to Rule 24 of the Federal Rules of

Criminal Procedure.

Alternatively, to determine whether there is cause for challenge it is requested that in addition

to the Court's standard questions about residence, family, employment, and prior jury service, the

following be asked of the prospective jurors:

**Suggested Inclusion to Court's Introduction**

**Ladies and Gentlemen --- there are no "right" or "wrong" answers to the questions I am**

**about to ask you. Rather, both sides, the government and Mr. Colby, are entitled to a fair**

**and impartial jury to decide this case on only the evidence. These questions are not meant**

**to embarrass you. The questions I am about to ask seek to find out and learn what**

**thoughts, feelings or beliefs that you may have that would prevent or jeopardize each sides'**
**right ability to receive a fair trial. In other words, a fair trial is one where the Jury**
**considers only the evidence presented at trial. That is why your truthful answers to these**
**questions are so important to our process of ensuring a fair trial.**

1. Do any of you believe or feel that simply because Mr. Colby is here today that he must be guilty of something or must have done something wrong? If so, please explain your thoughts on that belief or feeling.

2. Do you understand that an indictment brought by the government is simply an allegation of wrongdoing and is evidence of nothing? The evidence will be the trial testimony and any exhibits in this case. Is there anything about the fact that there are charges against Mr. Colby that prevents your ability to be a fair and impartial juror in this case?

3. Do you understand that our Constitution affords Mr. Colby the presumption of innocence? In other words, he is presumed innocent of all charges until and only if the government proves him guilty of the offenses charged beyond a reasonable doubt. Do you have any difficulty understanding or following this constitutional protection in this case?

4. Do you understand that our Constitution requires the government to prove Mr. Colby is guilty of the offenses charged and that he is not obligated to prove anything to you? Do you have any problem or difficulty in understanding and following this basic right afforded to Mr. Colby?

5. Do you understand that Mr. Colby is not required to testify in his defense and that our Constitution affords him this right? Do any of you disagree with that right? Do any of you think that if Mr. Colby elects not to testify at trial that he must be hiding something? Do any of you think that if Mr. Colby were innocent he would testify in his defense?

6. Do you understand that Mr. Colby is not required to even put on a defense if he chooses and that our Constitution affords him this right? Do any of you disagree with that right? Do any of

1  you think that Mr. Colby must prove his innocence instead of the government proving Mr.

2  Colby guilty of the charges beyond a reasonable doubt?

3  7.  Some of you may have served on juries before. Do you understand that there is an important

4  difference between civil and criminal trials and the burden of proof? In civil cases the burden

5  of proof is much lower than the burden of proof in criminal cases. Do any of you have any

6  difficulty in understanding that the government in a criminal case has the burden to prove all of

7  the elements of the charges in the indictment by proof beyond a reasonable doubt?

8  8.  Have you or anyone close to you ever worked in law enforcement as an officer, agent,

9  investigator, or other similar job?

10  9.  Have you or anyone close to you ever worked in any other job for a law enforcement

11  department or agency?

12  10.  Do you have any strong positive or negative opinions about law enforcement generally?

13  11.  Have you or anyone close to you ever worked in any way in the criminal justice system?

14  12.  Have you or anyone close to you ever been investigated for, arrested for, or charged with a

15  crime?

16  13.  Have you or anyone close to you ever been the victim of a crime?

17  14.  If after hearing all the evidence in this case, you thought that a defendant was probably guilty,

18  but you were not convinced either way beyond a reasonable doubt, would you have trouble

19  returning a verdict of not guilty?

20  15.  Do you understand and accept that as a juror you are not to consider prejudice, pity, or

21  sympathy in deciding whether a defendant is guilty or not guilty?

22  16.  Do you have strong religious or moral beliefs that would make it difficult for you to make a

23  decision based strictly on the law and facts of this case?

24  17.  Do you believe that you cannot sit in judgment of another person for any reason?

25  18.  Have you read or heard anything about this case other than what you've heard here today?

26

19.   This case involves a company called Embarcadero Media, which publishes weekly local newspapers. Do you know anyone who has worked for this company?  Have you ever read any of their publications?

20.   Have you, or to your knowledge has any member of your family, had any involvement with any activity (including as a victim, suspect, party to a civil or criminal lawsuit, or witness) that involves computer security issues?

21.   Are you, or to your knowledge are any members of your immediate family, affiliated or involved with any organizations that advocate for or against electronic access rights or privacy rights?

22.   Do you, or has any member of your immediate family, have (or in the past have had) any responsibilities for computer security matters at your workplace (including hiring, terminating, and monitoring employee compliance with computer security policies and procedures?

DATED: April 11, 2018                                Respectfully submitted,


                                                            /s/ Vicki H. Young
                                                      VICKI H. YOUNG
                                                      Attorney for Ross Colby