VICKI H. YOUNG
Law Offices of Vicki H. Young
2211 Park Boulevard
Palo Alto, California 94306

Telephone    (650) 289-0635
Fax            (650) 289-0636

Counsel for Ross Colby

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  v.<br><br>ROSS COLBY,<br><br>                  Defendant. | No. CR 17-00168 LHK<br><br>DEFENDANT'S MOTION IN LIMINE RE EXPERT DISCLOSURES |

      This is a case where the government has charged Ross Colby with knowingly causing the transmission of a program, information, code, and commend, and, as a result of such conduct, intentionally causing damage without authorization to protected computers.   The defense anticipates the government will likely call one or more experts at trial, but the government has yet to provide the defense with any Rule 16 expert disclosures.

      Defendant Ross Colby requests that the court order the government to comply with Rule 16's requirement regarding expert disclosures sufficiently in advance of trial to allow proper defense preparation and court consideration. If any experts are properly disclosed, defendant requests the court exercise its gatekeeping function and require the government to establish the foundational validity of its proposed expert testimony.

### A. THE COURT SHOULD ORDER THE GOVERNMENT TO FULLY COMPLY WITH THE REQUIREMENTS OF RULE 16 REGARDING EXPERT DISCLOSURES

Expert disclosures by the government are controlled by Federal Rule of Criminal Procedure 16(a)(1)(G). Under that rule, the government must produce a written summary of any expert's opinions that "describe[s] the witness's opinions, *the bases and reasons for those opinions*, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). This statement of bases and reasons "must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purpose of the case-in-chief testimony." *United States v. Cerna*, No. CR-08-0730 WHA, 2010 WL 2347406, at *1 (N.D. Cal. 2010) (internal quotes omitted). Here, the defense has yet to receive any Rule 16 disclosures regarding experts. The court should order the government to properly disclose any proposed experts within a reasonable period of time.

### B. THE COURT SHOULD EXERCISE ITS GATEKEEPING FUNCTION AND DETERMINE THE VALIDITY OF ANY PROFFERED EXPERT TESTIMONY

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), the Supreme Court held that scientific expert testimony must be not only relevant but also reliable to qualify for admission under Federal Rule of Evidence 702. *Id.* at 592-93. The Court further held that trial courts must act as "gatekeepers" to ensure that "junk science" – *i.e.*, expert opinions that lack sufficient reliability – are excluded from evidence at trial. *Id.* In discharging this gatekeeping function, trial judges must determine whether the reasoning or methodology underlying proffered testimony is scientifically valid. *Id.* While recognizing that the reliability inquiry is a flexible one, the Supreme Court pointed to certain factors for consideration by trial courts in determining whether a particular methodology is sufficiently reliable to admit the resulting opinions:

1. Whether a theory or technique can be (and has been) tested;

2. Whether the theory or technique has been subjected to peer review and publication;

3. The known or potential error rate of a particular scientific technique;

4. The existence and maintenance of standards controlling the technique's operation; and

5. A scientific technique's degree of acceptance within a relevant scientific community.

*Id.* at 593-94.

Six years later, in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court held that the *Daubert* requirements were not limited to scientific testimony but applied to all expert testimony. In *Kumho Tire*, the expert at issue was an expert in "tire failure analysis" who was proffered to opine that a tire had failed due to a manufacturing or design defect. Notwithstanding the expert's own contention that his methodology was accurate, the Supreme Court held that the testimony was inadmissible.

Federal Rule of Evidence 702 was amended in 2000 to incorporate the teachings of *Daubert* and *Kumho Tire*. It now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In sum, after *Kumho Tire* it is clear that the trial court's gatekeeping function applies to testimony based on "technical" or "other specialized" knowledge. As such, a party proffering an expert must establish the validity of the methodology or technique upon which the expert's opinion is based before testimony can be admitted at trial.

Defendant Ross Colby requests the court order the government to comply with Rule 16 and to provide the information necessary to determine if any proffered expert testimony is sufficiently reliable to enable the court to determine its admissibility before trial.

DATED: April 11, 2018

Respectfully submitted,

  /s/ Vicki H. Young
VICKI H. YOUNG
Attorney for Ross Colby