ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
JOSEPH E. SPRINGSTEEN (DCBN 474317)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   FAX: (408) 535-5066
   E-Mail:Susan.Knight@usdoj.gov
          Joseph.Springsteen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROSS COLBY,<br><br>        Defendant. | No. CR 17-00168 LHK<br><br>UNITED STATES' REPLY TO DEFENDANT'S MOTIONS IN LIMINE<br>(Dkt. Nos. 39, 40)<br><br>Pretrial Conference:  May 2, 2018<br>Time:  9:15 a.m.<br>Trial:  May 29, 2018<br>Court: Honorable Lucy H. Koh |

**INTRODUCTION**

Defendant Ross Colby has filed two motions *in limine* relating to the government's obligations to provide discovery and notice regarding the testimony of any expert during its case-in-chief.  As discussed below, the government has complied with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *United States v. Brady*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  In addition, the government will not be calling any experts to testify at trial.  Notwithstanding the foregoing, the government anticipates calling Federal Bureau of Investigation

Special Agent A. Monte Frazier to testify about his investigation, including how he identified the defendant.  The government believes that his testimony does not qualify as "expert testimony" within the meaning of Rule 702 of the Federal Rules of Evidence because he is not using any specialized knowledge or methodology to explain how he linked the defendant to charged offenses.  Therefore, the government requests that the Court find that Special Agent Frazier is not an expert and deny the defendant's motion.

**DISCUSSION**

**A.    The Government Has Complied, and Will Continue to Comply, with Its Discovery Obligations.**

The government has complied with its discovery obligations by producing hundreds of pages of discovery to the defendant, and will continue to comply with it is obligations.  The government produced the bulk of discovery in response to the defendant's April 17, 2017 request on April 27, 2017, and produced additional discovery on July 13, 2017 and October 30, 2017.  The government allowed defense counsel to review the agents' notes in order to compare them with their reports on April 6, 2018 and April 9, 2018.  During both of those meetings, the government provided copies of notes that defense counsel requested.  The government also showed defense counsel substantive emails between the government and the case agent, and the case agent and the victim company.  The government included the aforementioned documents along with other extraneous materials in a production to defense counsel sent by Federal Express on April 17, 2018.  Finally, the government informed defense counsel today that the agents' personnel files had been searched by counsel from the Federal Bureau of Investigation and U.S. Department of Justice, Office of Inspector General, and none was found.  The government will notify defense counsel if there is any impeachment information for any of the government's trial witnesses.

The government will continue to comply with its discovery obligations under Rule 16, *Brady*, and *Giglio*.

//

//

//

**B.     The Government Will Not Call An Expert Witness Pursuant to Rule 702 at Trial; Agent Frazier's Testimony Is Permissible Lay Opinion Pursuant to Rule 701.**

The defendant has requested that the government comply with Federal Rule of Criminal Procedure 16 by providing notice regarding any experts who may testify at trial.  The government will not be calling any expert witnesses pursuant to Rule 702 of Federal Rules of Evidence.  Nonetheless, the government anticipates calling FBI Special Frazier to testify in its case-in-chief, and that some of his testimony may constitute permissible lay opinion testimony pursuant to Rule 701 of Federal Rules of Evidence.

Specifically, the government expects that Agent Frazier will testify regarding documents and records obtained from Internet service providers by the FBI during the course of the investigation, as well his conclusions regarding the contents of such records.  None of this testimony requires "scientific, technical, or other specialized knowledge" or otherwise requires that the government qualify Agent Frazier as an expert pursuant to Rule 702, and accordingly, notice is not required by Fed. R. Crim. Proc. 16.  The government expects that with respect to any such testimony, it will lay a foundation regarding Agent Frazier's personal knowledge and extensive experience regarding ISP records and their relevance to the investigation of computer crimes.

Nonetheless, the defendant may argue that Agent Frazier's testimony amounts to inadmissible expert testimony.  Federal Rule of Evidence 701 provides that lay witnesses may testify to their opinions which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  The first requirement "'is the familiar requirement of first-hand knowledge or observation.'"  *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (quoting Fed. R. Evid. 701, Advisory Committee Note (1972)).  The second requirement of helpfulness prevents witnesses from testifying to "meaningless assertions which amount to little more than choosing up sides."  Fed. R. Evid. 701, Advisory Committee Note (1972).

The third requirement, added to the rule in 2000, mandates that lay opinions "must be the product of reasoning processes familiar to the average person in everyday life."  *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir.2005) (noting that the 2000 Advisory Committee Notes explain that "lay

1   testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results

2   from a process of reasoning which can be mastered only by specialists in the field'")  Witnesses who

3   testify to opinions "based on scientific, technical, or other specialized knowledge" must be qualified as

4   experts under Rule 702.  Fed. R. Evid. 701, Advisory Committee Notes (2000).

5          At the same time, however, Rule 701 "does not distinguish between expert and lay witnesses, but

6   rather between expert and lay testimony."  *Id.*  (emphasis in original).  A witness's specialized

7   knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does

8   not render his testimony "expert" as long as it was based on his "investigation and reflected his

9   investigatory findings and conclusions and was not rooted exclusively in his expertise."  If, however, the

10  witness's testimony was "not a product of his investigation, but rather reflected [his] specialized

11  knowledge," then it was impermissible expert testimony.  *United States v. Rigas*, 490 F.3d 208, 224 (2d

12  Cir. 2007) (quoting *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181-82 (2d Cir.

13  2004)).

14         Moreover, "Rule 701(a) contains a personal knowledge requirement."  *United States v. Lopez*,

15  762 F.3d 852, 864 (9th Cir. 2014).  "In presenting lay opinions, the personal knowledge requirement

16  may be met if the witness can demonstrate firsthand knowledge or observation."  *Id.*  "A lay witness's

17  opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal

18  information, experience, and education, that cannot be placed before the jury."  United States v. *Gadson*,

19  763 F.3d 1189, 1208 (9th Cir. 2014).  But, a lay opinion witness "may not testify based on speculation,

20  rely on hearsay or interpret unambiguous, clear statements."  *United States v. Vera*, 770 F.3d 1232, 1242

21  (9th Cir.2014).

22         The Eighth Circuit Court of Appeals recently affirmed the admissibility of an IRS agent's lay

23  testimony in matters such as the identification of handwriting, a subject upon which experts often opine.

24  *United States. v. Ali*, 616 F.3d 745 (8th Cir. 2010), citing *United States. v. Garth*, 540 F.3d 766, 778-79

25  (8th Cir. 2008), abrogated on other grounds by *United States v. Villareal-Amarillas*, 562 F.3d 892 (8th

26  Cir. 2009) (investigating agent's testimony that all the preparer signatures on fraudulent returns

27  appeared to be in similar handwriting, concluding that the testimony was "rational, helpful, and not

28  based on expert knowledge.").  In *United States. v. Redd*, 2009 WL 348831 (5th Cir. 2009), the Fifth

1  circuit held that a district court did not plainly err by admitting an IRS agent's testimony concerning

2  whether the defendant had sufficient legitimate funds to purchase her home, finding that there was "no

3  great leap of logic or expertise was necessary" for the agent to reach that conclusion); *United States v.*

4  *Grote*, 632 F.2d 387, 390 (5th Cir. 1980) (IRS agent could give opinion as to whether tax returns filed

5  were acceptable or not).

6      Agent Frazier's testimony concerning ISP records and Internet investigations is based on

7  particularized knowledge by virtue of his position at the FBI and personal knowledge of the documents

8  she reviewed in connection with her investigation.  Courts have found that where an employee has

9  particularized knowledge by virtue of his position in a business, such a person is a lay witness, and not

10 an expert witness.  *See Cent. States, Southeast & Southwest Areas Pension Fund v. Transport Service*

11 *Co.*, 2009 WL 424145 (N.D. Ill. 2009).[1]

12                                      **CONCLUSION**

13     The government has complied with its obligations pursuant to Rule 16 to date, and will continue

14 to do so.  Any opinion testimony by Agent Frazier at trial will be permissible lay opinion testimony

15 within Fed. R. Evid. 701, and not expert testimony pursuant to Fed. R. Evid. 702.

16 DATED:  April 18, 2018                    Respectfully submitted,

17                                           ALEX G. TSE
18                                           Acting United States Attorney

19                                           /s/
20                                           SUSAN KNIGHT
                                             JOSEPH E. SPRINGSTEEN
21                                           Assistant United States Attorneys

22

23     [1] *See also Allied Systems Ltd. v. Teamsters Local 604*, 304 F. 3d 785, 792 (8th Cir. 2002) (Vice
   President of Internal Audit could testify as lay opinion witness using accounting principles and methods
24 to quantify damages where his testimony was limited to first-hand knowledge obtained as a bookkeeper,
   and from a field audit); *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004 (8th Cir. 1986)
25 ("personal knowledge or perception acquired through review of records prepared in the ordinary course
   of business, or perceptions based on industry experience," provide proper foundation for lay
26 testimony."); *United States v. Hamaker*, 455 F.3d 1316, 1313 (11th Cir. 2006) (finding that district court
   did not abuse its discretion in allowing financial analyst to testify for government as a lay rather than
27 expert witness); *United States v. Madison*, 226 F. App'x 535, 544 (6th Cir. 2007) (citing *Hamaker* with
   approval, the court found that an FBI agent's status as a financial analyst does not change the fact that
28 his summary required only arithmetic within the capacity of a reasonable lay person).