VICKI H. YOUNG
Law Offices of Vicki H. Young
2211 Park Boulevard
Palo Alto, California 94306

Telephone    (650) 289-0635
Fax          (650) 289-0636

Counsel for Ross Colby

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROSS COLBY,<br><br>                    Defendant. | No. CR 17-00168 LHK<br><br>DEFENDANT ROSS COLBY'S RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE |

Defendant Ross Colby submits the following in response to the government's motions in limine.

**I.    A.  Government's Motion in Limine That the Defense May Not Claim That the Defendant's Is Being "Unfairly Singled Out" or "Persecuted" or That Other Individuals Should Have Been Charged.**

The defendant has no opposition to this motion.

**B.  Government Motion In Limine re Jury Nullification and References to Punishment.**

The defendant has no opposition to the motion regarding Jury Nullification.  Ross Colby does not dispute the law cited by the government that prohibits the jury from hearing about potential penalties.  The government's request goes too far, however, in suggesting that Ross Colby can be precluded from making any broad or general references to "consequences," or to the magnitude of the decision that the jury is

tasked with making.  There is no law whatsoever supporting such broad prohibitions.  Ross Colby is allowed to argue general jurisprudential principles and the protections afforded by the U.S. constitution.  These include the right of a defendant to a jury trial and proof of guilt beyond a reasonable doubt as protections against improper deprivation of a person's liberty.  In re Winship, 397 U.S. 358, 364 (1970).

### C.  Defense Counsel may not Vouch or Express Personal Opinions.

Defense has no objection to this motion.

**II.    The Court Should Exclude Any Evidence That the Defense Was Obligated to Produce Before Trial Pursuant to Rule 16(b).**

The government appears to request two separate orders.

First it requests a court order "precluding the defendants from introducing evidence that should have been produced under the reciprocal discovery obligations of Rule 16(b)."  Ross Colby, through counsel, has already produced discovery to the government.  Defendant Colby has not identified any additional material that should be produced under Rule 16(b).  Rule 16© provides that defense discovery obligations are continuing obligations, and if the defendant "discovers additional evidence or material before or during trial [he must] promptly disclose its existence" to the government.  The defendant agrees to an order to comply with Rule 16 and its obligation to produce any exhibits he intends to produce in support of his case in-chief.

Second, the Government requests that the court should order the defense to provide discovery prior to calling any witnesses.  Given the government's voluntary disclosures, the defendant "voluntarily" agrees to provide any defense witness statements in advance of their direct testimony.

**III.    Admissibility of Statements of the Defendant.**

**A.    The United States Intends to Introduce Statements of the Defendant.**

1    Ross Colby has participated in two proffer sessions with the government – one by telephone in

2    December 2015, and one in person in April 2016.  The government prepared proffer agreements and

3    submitted them to Mr. Colby's prior counsel.

4    These agreements state that

> (2)    Except as set forth in paragraph (3), the Office will not offer in
> evidence any statements made by client at the meeting (a) in its
> case-in-chief at a trial against Client, or (b) at Client's
> sentencing.  The Office may use any statements made by Client
> or any information directly or indirectly derived from statements
> made by client at the meeting for any other purpose, including
> (a) to obtain leads to other evidence that may be used against
> Client at any state of a criminal prosecution; or (b) in any
> prosecution of client for perjury, false statements, or
> obstruction of justice.

> (3)    Notwithstanding paragraph (2), the Office may use any
> statements made by Client at the meeting for any purpose (a) if
> client testifies at any hearing or trial; or (b) to rebut any
> evidence offered, or factual assertions made, by or on behalf of
> Client at any stage of a criminal prosecution (including but not
> limited to a detention hearing, trial, or sentencing).

Although statements made during plea negotiations are ordinarily inadmissible under Federal Rule of

Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6), a defendant can nevertheless waive the

right to present their use.  United States v. Mezzanatto, 513 U.S. 196, 115 S.Ct. 797 (1995).  However,

the Mezzanatto Court also made clear that such a waiver must be both voluntary and knowing.  The trial

judge must find "some affirmative indication that the agreement (to waive) was entered into unknowingly or

involuntarily."  Mezzanatto, 513 U.S. at 210.

A waiver is made knowingly if the defendant has a "full awareness of both the nature of the right being

abandoned and the consequences of the decision to abandon it," and it is voluntary if it is the product of a

free and deliberate choice rather than intimidation, coercion, or deception. Moran v. Burbine, 475 U.S.

412, 106 S.Ct. 1135 (1986).

In applying a "knowing and voluntary" standard in determining whether a defendant has waived his

rights under exclusionary rules for plea statements, the Supreme Court adopted the heightened standard

reserved for waiver of rights essential to a fair trial and the reliability of the adjudicative process.  Brady v.

DEFENDANT'S RESPONSE TO
GOVERMNENT'S MOTIONS IN LIMINE        - 3 -

1   United States , 397 U.S. 742 (1970) (Waivers of constitutional rights not only must be voluntary but must

2   be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely

3   consequences.")  Agreements containing waivers of such essential rights are to be construed narrowly

4   because they "are unique contracts in which special due process concerns for fairness and the adequacy for

5   procedural safeguards obtain."  United States v. Ready, 82 F.3d 551, 558-59 (2d Cir. 1996).  A similar

6   standard must be applied in evaluating the waivers included in the proffer agreement.

7        In this case, Ross Colby did not make a voluntary and knowing waiver.  His then attorney did not

8   inform him of the full consequences of giving a proffer statement in the event that he should later choose to

9   proceed to trial.

10       Ross Colby will testify that the meeting with the prosecutors was set up by his attorney Joy Bertrand.

11   He had the understanding that the meeting would be covered by some sort of immunity.  Ross Colby's

12   father John Colby will also testify that Joy Bertrand had told him that the term covering the meeting was

13   "basically an immunity agreement."  Ross Colby met with Joy Bertrand shortly before the meeting with the

14   U.S. Attorney Office.  Ross Colby does not recall being advised that the prosecutors could use his

15   statement to rebut any evidence offered or any factual assertions made by his attorney if he should go to

16   trial. He will testify that he was never told that any effort on behalf of his trial attorney to raise a reasonable

17   doubt at trial or to hold the government from their burden of proof would open the door for admission of

18   the statement.

19       Ross Colby was presented a copy of the agreement at the meeting.  He signed the agreement even

20   though he did not fully understand all of the provisions.  He believed that he was covered by immunity

21   during the meeting.  Ross Colby did not make a knowing waiver of the ordinary protections provided by

22   the Federal Rules of Evidence and the Federal Rules of Criminal Procedure making plea negotiation

23   statements inadmissible because he did not have a full understanding of the consequences of entering into

24   the waiver.

25       Prior to any use of any statements made during the proffer session, this Court must determine whether

26   Ross Colby made a knowing waiver of his Fifth Amendment Rights.

DEFENDANT'S RESPONSE TO
GOVERMNENT'S MOTIONS IN LIMINE        - 4 -

Further, the Government should be precluded from offering "rebuttal" use of any statement until the court finds that the defense has made a factual assertion that the proffer rebuts.  Since the terms of the proffer agreement state that Client's statement can only be used to rebut any evidence offered, or factual assertions made, any use of the statement can only be made during their rebuttal case.

**B.     The Defendant May Not Introduce Any Self-serving Hearsay.**

While the Fed. R. Evid. 801(d)(2)(A) precludes use of a self-exculpatory statement as inadmissible hearsay, it is submitted that the Court has the discretion under the Rule of Completeness to permit cross-examination of the witness regarding the exculpatory portion of the statement.  F.Rule. Evid. 106.

Under Rule 106, when a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part ... that in fairness ought to be considered at the same time.  The rule of completeness allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context.  United States v. Holden, 557 F.3d 698, 705 (6th Cir. 2009).

**IV.     Appropriate use of FBI reports during examination of witnesses.**

Defense has no objection to this motion.

**V.     The Defendant May Not Raise Duress as an Affirmative Defense Unless and until He Makes the Prerequisite Prima Facie Showing.**

Ross Colby objects under the Fifth and Sixth Amendments of the United States Constitution to any requirement that he disclose his defense to the Government or court prior to the Government presenting to the jury in its case-in-chief and the submission of any motion for judgment of acquittal by Mr. Colby under Fed. R. Crim. P. 29.  Until the Government has presented to the Jury admissible evidence that is sufficient to sustain the Counts in the Indictment by proof beyond a reasonable doubt, there is no reason or requirement for Mr. Colby to present a defense.

1   While the Ninth Circuit has held that a defendant is not entitled to present a duress defense to the jury

2   unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof, we submit that

3   such a proffer should be made after the close of the government's case.

4

5   **VI.     Admission of Evidence Pursuant to Fed. Rule of Evidence 404(b)**

6   Evidence of a person's character or a trait of character is not admissible for the purpose of proving

7   action in conformity therewith on a particular occasion, however F.Rule Evid. 404(b) permits evidence of

8   prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

9   absence of mistake or accident.  United States v. Romero, 282 F.3d 683, 699 (9th Cir. 2002).

10   A four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b):

11   Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act

12   is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the

13   other act; and (4) (in certain cases) the act is similar to the offense charged.  Romero, 282 F.3d at 688.

14   The government "has the burden of proving that the evidence meets all of the above requirements."  United

15   States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993).  If the evidence meets the test under Rule

16   404(b), the court must then decide whether the probative value is substantially outweighed by the

17   prejudicial impact under F.Rule Evid. 403."  Romero, 282 F.3d at 688.

18   It is submitted that the mere allegation by Zephyr Pellerin that Ross Colby said that "someone had

19   paid him to change the contents of a website" and that "he modified the contents of a website" some time in

20   the past is not sufficient evidence from which the jury could reasonably conclude that Ross Colby actually

21   committed the allegedly-similar bad act.  The only evidence offered to meet this standard is the statement of

22   Zephyr Pellerin.  None of the facts alleged by Zephyr Pellerin were admitted to by Ross Colby or proven.

23   There is no evidence that such an intrusion actually ever occurred.

24   In United States v. Bailey, 696 F.3d 794 (9th Cir. 2012), the Ninth Circuit held that where a

25   defendant had settled an SEC action with no admission of liability, is not probative of whether the defendant

26   committed the prior conduct, much less whether he committed the conduct in question.  Bailey, 696 F.3d at

800.   Cases where the courts have found that evidence of a prior arrest is admitted, a person with

knowledge of the crime, such as the arresting officer or the victim of the offense, testifies to the

circumstances of the prior offense.  See United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir. 1995),

United States v. Hinton, 31 F.3d 817 (9th Cir. 1994).

The Ninth Circuit held that a mere accusation of prior conduct is insufficient to support a finding that

the prior act was committed and, therefore, does not tent to prove that the defendant committed the act.   In

order for evidence of a prior accusation to be admissible, there must be sufficient, independent evidence

(besides the accusation alone) to support a finding that the prior conduct occurred.  Bailey, 696 F.3d at

802.

As in Bailey, the mere accusation by Zephyr Pellerin that Ross Colby "admitted" changing the

contents of a website is not corroborated by any independent evidence to support a finding that the prior

conduct occurred.

Even if this court should find that the government has met the requirement that there is sufficient

evidence to support a finding that the defendant committed the other act, Under Fed. R. Evid. 404(b),

evidence of other crimes or misconduct is admissible if they are relevant to some issue other than the

defendant's propensity to commit a crime, "the government 'must articulate precisely the evidential

hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" United States v.

Mayans, 17 F.3d 1174, 1181, 1183-84 (9th Cir. 1993).

If the evidence is admitted to prove intent, the prior misconduct must be similar to the offense

charged.  United States v. Beckman 298 F.3d 799, 794 (9th Cir. 2002).

Here, the Government has failed to articulate a clear theory for the relevance of the earlier computer

intrusion to prove either "intent, plan, preparation, knowledge, absence of mistake or accident" of the

alteration of the e-mail accounts or cancelling domain names and redirecting corporate e-mail.

The government argues that intent will be a central question in this case if the defendant presents a

duress defense.  Since it has not been established whether the defendant will present that defense or

DEFENDANT'S RESPONSE TO
GOVERMNENT'S MOTIONS IN LIMINE          - 7 -

1   whether after hearing a proffer that the court will rule that the defense has made a prima facie showing of

2   duress, any evaluation of the 404(b) evidence as relevant to intent is premature.

3        Finally, F. Rule Evid. 403 provides a further basis for excluding the other acts evidence alleged

4   against Ross Colby.  Here, the prejudicial effect of admitting such evidence substantially outweighs its

5   probative value.  Because both offenses involve computers, admission of such evidence would tend to

6   cause the jury to find Mr. Colby guilty of the instant offense due to a belief that he has a propensity to

7   commit crimes involving computers.  That is not a permissible inference.

8

9   **VII.   Objection to the Testimony of William S. Johnson**

10        The government has indicated that it anticipates calling William S. Johnson, chief Executive Officer,

11   Embarcadero Media Group to testify about the damage to Embarcadero Media's network, including the

12   employee time to investigate and remedy the security breach.

13        Defendant objects to any testimony about damage to Embarcadero Media's network as irrelevant.

14   Damage is not an element of the offense.  <u>See</u> Ninth Circuit Jury Instruction 8.100.

15

16

17        The elements of the offense 18 U.S.C. § 1030(a)(5)(A) are

18   (1)    the defendant knowingly caused the transmission of [a program] [a code] [a command]

19          [information] to a computer;

20   (2)    as a result of the transmission, the defendant intentionally impaired without authorization the

21          [integrity] [availability] of [date] [a program] [a system] [information]; and

22   (3)    the computer was used in or affected interstate or foreign commerce or communication.

23

24   **Conclusion**

25        For the foregoing reasons, Ross Colby respectfully requests that this court rule in accordance with his

26   recommendations for the above requested motions.

DEFENDANT'S RESPONSE TO
GOVERMNENT'S MOTIONS IN LIMINE    - 8 -

1    DATED: April 18, 2018                    Respectfully submitted,

2

3

4                                             /s/ Vicki H. Young
                                             VICKI H. YOUNG
5                                            Attorney for Ross Colby

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS RESPONSE TO
GOVERNMENT'S MOTIONS IN LIMINE            - 9 -