1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  SUSAN KNIGHT (CABN 209013)
   JOSEPH E. SPRINGSTEEN (DCBN 474317)
5  Assistant United States Attorneys

6       150 Almaden Boulevard, Suite 900
        San Jose, California 95113
7       Telephone: (408) 535-5061
        FAX: (408) 535-5066
8       E-Mail:Susan.Knight@usdoj.gov
               Joseph.Springsteen@usdoj.gov
9

10 Attorneys for United States of America

11                      UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15 | UNITED STATES OF AMERICA,      ) No. CR 17-00168 LHK
                                    )
16 |        Plaintiff,               ) NOTICE OF EXPERT WITNESS TESTIMONY BY
                                    ) FEDERAL BUREAU OF INVESTIGATION
17 |    v.                           ) SPECIAL AGENT ANTHONY FRAZIER
                                    )
18 | ROSS COLBY,                     ) Pretrial Conference: May 2, 2018
                                    ) Time: 9:15 a.m.
19 |        Defendant.               ) Trial: May 29, 2018
                                    ) Court: Honorable Lucy H. Koh
20

21       The United States hereby provides notice of its intent to introduce expert testimony at trial in its

22 case in chief from Federal Bureau of Investigation ("FBI") Special Agent Anthony Frazier, under FRE

23 Rules 702, 703, and/or 705 of the Federal Rules of Evidence.  This disclosure is made pursuant to Rule

24 16(a)(1)(E) of the Federal Rules of Criminal Procedure.  The United States also provides notice of its

25 intent to produce lay opinion and non-expert testimony in its case-in-chief from Special Agent Frazier,

26 described below, under FRE Rule 701.  Although the majority of the testimony to be elicited from this

27 witness is properly characterized as lay witness testimony, the government, in an abundance of caution,

28 provides notice of the witnesses' testimony and qualifications.

U.S.' NOTICE
NO. CR 16-00168 LHK

Special Agent Frazier has been employed with the FBI as a special agent in San Francisco Division since March 2013. He is currently assigned to the cyber-criminal squad and is responsible for investigating computer intrusions. He has participated in the search and seizure of computers, computer equipment, software, computer media and other electronically stored information while acting as an FBI agent. He has examined digital devices, including mobile phones and thumb drives. On a regular basis, Special Agent Frazier examines records from various internet service providers, and interprets data contained in those records for investigative leads. He has received several certifications from SANS Institute, which is a company that provides extensive cyber-security training for professionals. His certifications include: Introduction to Cyber-Security, Security Essentials Bootcamp, Hacker Tools, Techniques, Exploits, and Incident Handling, and Advanced Smartphone Forensics. In addition, he has received training from Mandiant, a cyber-security firm that provides training to professionals. He has successfully investigated cases involving the use of Virtual Private Networks, as well as other on-line methods in which computer intruders mask their criminal activities, use social engineering techniques to deceive victims into providing sensitive information that could be used for malicious purposes, and obfuscate their on-line activities.

Prior to becoming a special agent, he worked for the FBI as an intelligence analyst in the Counter-Terrorism Division in Virginia for nearly three years. In that position, he was responsible for analyzing threat information from multiple sources, and agencies in the intelligence community. He also conducted studies to identify threats and trends and worked with FBI field offices and other intelligence analysts to determine how such threats and trends affected national security.

He holds a Master of Science in Computer Forensics from George Mason University and a Bachelor of Science in Forensic Science (Biology Track) and Bachelor of Arts in Foreign Language (Spanish) from Virginia Commonwealth University.[1]

Special Agent Frazier is expected to testify to the following:[2]

---

[1] The government will provide a copy of Special Agent Frazier's resume to defense counsel.

[2] Pursuant to the Court's order, the government provided a substantially similar proffer of Special Agent Frazier's testimony to defense counsel on April 23, 2018. The government has added additional details to this disclosure.

U.S.' NOTICE
NO. CR 16-00168 LHK                                    2

On September 18, 2015, Embarcadero Media Group, which is an online, private newspaper publisher located in the San Francisco Bay Area, notified the Federal Bureau of Investigation regarding an intrusion into its corporate email accounts and to its GoDaddy account. As a result of the compromise, the target (later identified as the defendant) accessed email accounts belonging to several Embarcadero employees, deleted the registration for several company-owned domains, and altered the company's mail exchange ("MX") record, preventing Embarcadero employees from receiving email.[3] Also, Embarcadero's Domain Name System ("DNS") traffic was redirected to a page that depicted the image of a person wearing a Guy Fawkes mask that had the following statement:

> Greetings, This site has been hacked.
> Embarcadero Media Group (Alamanac) has failed to remove content that has been harmful to the wellbeing and safety of others.
>
> Failure to honor all requests to remove content will lead to the permanent shutdown of all Embarcadero Media Group Websites.
>
> If you have a request and would like your content removed please inform Bill Johnson – bjohnson@embarcaderomediagroup.com
>
> We do not forgive, we do not forget, we are legion.[4]

FBI Special Agent Frazier learned from F.B., Embarcadero's Director of Information Technology, that the target likely gained access to Embarcadero's web server and GoDaddy account by compromising one of the company's corporate email accounts. Embarcadero hosted its email through Google, and F.B. informed Special Agent Frazier that he observed numerous suspicious logins to his corporate email account, along with the corporate email accounts of his colleagues, C.P. and C.T.

Special Agent Frazier learned that F.B., C.P., and C.T. had access to a shared Google Docs document entitled "Things to Remember." This document contained the usernames and passwords to a variety of Embarcadero's servers and online accounts. Special Agent Frazier also learned from F.B. that the AlmanacNews.com, PaloAltoOnline.com, EmbarcaderoMediaGroup.com, and SupportLocalJournalism.com domains were cancelled. The domain name TourDeMenlo.com appeared to have been unlocked,[5] but it was not cancelled.

As part of the investigation, Special Agent Frazier obtained subscriber information and login history from Google for the corporate email accounts belonging to F.B., C.T. and C.P. Reviewing the records obtained from Google, Agent Frazier observed that both C.T.'s and F.B.'s accounts had been accessed from suspicious Internet Protocol ("IP") addresses not apparently

---

[3] MX records are records, associated with domain names, that allow for email to be directed to the proper hosting company, in this case, Google.

[4] The government anticipates that F.B. will testify about what he discovered on September 17, 2015 and why he contacted the Federal Bureau of Investigation. As discussed below, Special Agent Frazier will testify about meeting with Embarcadero and his investigation into the intrusion.

[5] "Unlocking" a domain name within a domain name registration account such as those provided by GoDaddy.com places the domain name into a mode where further changes may be made.

U.S.' NOTICE
NO. CR 16-00168 LHK                          3

related to Embarcadero. Specifically, someone using IP address 73.222.15.23 "(IP 23") logged into Torres' account 20 times between July 23 and July 25, 2015 (Counts Three through Five).

In addition, Special Agent Frazier found additional accesses:

| Date Range | Account | Number of Accesses | IP Address |
|---|---|---|---|
| July 22, 2015 | C.T. | 9 | 2602:306:37fe:7040:74a7:91ed:b6e5:d0ab ("IP d0ab") |
| July 28, 2015 | C.T. | 5 | 2601:19c:0:ff5:70a8:1a3e:df8d:ad96 ("IP ad96") |
| July 29, 2015 – July 30, 2015 | C.T. | 68 | 2601:19c:0:0ff5:9588:35bd:f0c7:cdb6 ("IP cdb6") |
| July 31, 2015 | C.T. | 5 | 2601:19c:0:ff5:adec:f960:2a4b:37b4 ("IP 37b4") |
| July 31, 2015 | F.B. | 5 | 2601:19c:0:ff5:adec:f960:2a4b:37b4 ("IP 37b4") |
| August 4, 2015 – August 5, 2015 | C.T. | 18 | 2601:19c:0:ff5:4dcb:a90c:d3ae:64b8 ("IP 64b8") |
| July 29, 2015 – July 30, 2015 | F.B. | 58 | 2601:19c:0:0ff5:9588:35bd:f0c7:cdb6 ("IP cdb6") |
| August 4, 2015 – August 5, 2015 | F.B. | 16 | 2601:19c:0:ff5:4dcb:a90c:d3ae:64b8 ("IP 64b8") |
| July 30, 2015 | embarcaderopublishing@gmail.com | 4 | 2601:19c:0:0ff5:9588:35bd:f0c7:cdb6 ("IP cdb6") |
| August 8, 2015 UTC (initial access) through September 18, 2015 UTC (last access) | C.P. | Numerous accesses from multiple IP addresses | 198.8.80.180 (initial access)<br><br>104.156.228.169 (last access) |
| August 5, 2015 UTC (initial access) through September 11, 2015 UTC (last access) | F.B. | Numerous accesses from multiple IP addresses | 204.152.215.162 (initial access)<br><br>104.156.228.95 (last access) |
| August 4, 2015 UTC (initial access) through September 18, 2015 UTC (last access) | C.T. | Numerous accesses from multiple IP addresses | 198.8.80.205 (initial access)<br><br>104.156.228.169 (last access) |

Through an open-source IP search, Special Agent Frazier learned that some of the aforementioned IP addresses resolved to the Internet service provider ("ISP") Comcast. He

obtained records from Comcast that showed that on the dates and times of the unauthorized access the following: IP ad96, IP 64b8, IP 37b4 and IP cdb6 were assigned to Comcast customer John Colby, the defendant's father, who lives in Massachusetts. IP 23 resolved to the defendant's residence in San Francisco.

Special Agent Frazier obtained records from AT&T, which showed that IP d0ab resolved to the Flying Pig Bistro in San Francisco, California. As discussed below, Special Agent Frazier found that many IP addresses that accessed F.B.'s, C.T.'s, and C.P.'s accounts resolved to Private Internet Access, a Virtual Private Network provider.

Special Agent Frazier also obtained records from GoDaddy.com for Embarcadero's domain account, which showed that the contact email address for Embarcadero's account was changed twice on September 17, 2015, the date of the compromise. First, at 10:51:46 p.m., the contact email account was changed from "webmaster@embarcaderopublishing.com" to "embarcaderopublishing@gmail.com." The second change was at 11:00:43 p.m. The email contact was changed from "embarcaderopublishing@gmail.com" to "frankbravomedia@gmail.com." These changes were made from a computer assigned the IP address 50.76.45.81 ("IP 81"), which resolved to an internal Embarcadero server. As described below, "embarcaderopublishing@gmail.com" is an older account controlled by Embarcadero that has not been used in some time, while "frankbravomedia@gmail.com" is not a legitimate Embarcadero email account.

Special Agent Frazier obtained records from Google for the "frankbravomedia@gmail.com" account and learned that it was created on September 18, 2015, at 05:56:38 (UTC) (September 17, 2015, after converting from UTC to PDT) from IP 81 and was accessed from IP 81 around the same date and time that Embarcadero's GoDaddy account was compromised. Based on the date and time in which the "frankbravomedia@gmail.com account" was created and used to replace the valid email address associated with Embarcadero's GoDaddy account, Special Agent Frazier believes that a deliberate attempt was made to lock the company out of their account. In other words, by changing the contact email address associated with the GoDaddy account, the subject prevented Embarcadero employees from receiving emails associated with updates to the account.

This belief was supported when Special Agent Frazier reviewed email content associated with both the "embarcaderopublishing@gmail.com" account and the "frankbravomedia@gmail.com" account. While reviewing the content associated with the "embarcaderopublishing@gmail.com" account, Special Agent Frazier observed a September 17, 2015 notification from Google and GoDaddy. The Google notification referenced a successful login to the "embarcaderopublishing@gmail.com" account, while the GoDaddy notification referenced that F.B.'s "account settings have been changed." Similarly, while reviewing the content associated with the "frankbravomedia@gmail.com" account, Special Agent Frazier observed a September 17, 2015 notification from Godaddy regarding the unlocking of the following domains: AlmanacNews.com, PaloAltoOnline.com, EmbarcaderoMediaGroup.com, SupportLocalJournalism.com, and TourDeMenlo.com.

Furthermore, Special Agent Frazier obtained and reviewed Embarcadero's records from GoDaddy for September 17, 2015. As noted above, he found that at 11:07 p.m. and 11:19 p.m., the domains names AlmanacNews.com, PaloAltoOnline.com, EmbarcaderoMediaGroup.com,

and SupportLocalJournalism.com were cancelled. The domain name TourDeMenlo.com was unlocked, but not cancelled. Again, these changes came from IP 81. Cancelling the registration for a domain name removes that name from the public domain registry and dissociates the domain name from an actual server in Domain Name System ("DNS") records. This would prevent a person from reaching the Embarcadero websites by typing the relevant domain name into their web browser, e.g. PaloAltoOnline.com.

In addition, Special Agent Frazier found that the DNS records for Embarcadero's business domains (EmbarcaderoPublishing.com and EPCHome.com) were altered via the GoDaddy account and were deleted. Specifically, EmbarcaderoPublishing.com was replaced with a generic mail server. Therefore, Embarcadero could not receive any email. These changes were also made from IP 81.

Special Agent Frazier believes that the defendant found the "Things to Remember" document stored in the Embarcadero employee email/Google Docs accounts of F.B., C.T., and/or C.P., studied the document, and then used the passwords from that document to access Embarcadero's GoDaddy account.

F.B. believed that the GoDaddy password may have been contained in the "Things to Remember" document and that the company used the same passwords for multiple accounts. F.B. will testify that the intruder likely tried Embarcadero's passwords to access the GoDaddy account. Special Agent Frazier will testify that the defendant accessed GoDaddy.com via Embarcadero's server associated with IP 81, although he does not know how the defendant was able to access IP 81. F.B. informed Special Agent Frazier that a full forensic analysis of the server assigned IP 81 was inconclusive because some of the server's data had been destroyed by the hacker and were unrecoverable. Therefore, F.B. could not determine how the defendant accessed IP 81.

Furthermore, Special Agent Frazier linked the defendant to the unauthorized access to Embarcadero's GoDaddy account. As noted above, the subject changed the contact email address for the GoDaddy account from "webmaster@embarcaderopublishing.com" to "embarcaderopublishing@gmail.com" and then finally to "frankbravomedia@gmail.com." Agent Frazier believes that the defendant accessed the email account "embarcaderopublishing @gmail.com" from his father's residence in Massachusetts. Specifically, Special Agent Frazier obtained IP address log information from Google for the "embarcaderopublishing@gmail.com" account between July 30 to September 21, 2015 and found that IP cdb6, which resolved to the defendant's father's home during the aforementioned timeframe, was used to access the "embarcaderopublishing@gmail.com" account.

Special Agent Frazier learned from F.B. that the email account "embarcaderopublishing@gmail.com" was a generic email account and had not been used by the company for a long period of time. F.B. informed Special Agent Frazier that, around the time of the intrusion, he received an alert at the email address "webmaster@embarcaderopublishing.com" that showed someone had logged into "embarcaderopublishing@gmail.com."

Special Agent Frazier obtained from Google the contents and related subscriber information (including IP access logs) of the defendant's two personal email accounts: "siffer@gmail.com"

and "ross.colby@gmail.com."  Reviewing the access logs, Special Agent Frazier observed multiple IP addresses used to access the accounts between July 28 and August 6, 2015, and found that one of the IP addresses, 2601:19c:0:ff5:4dcb:a90c:d3ae:64b8 ("IP 64b8"), used to access the ross.colby@gmail.com account on August 4, 2015, was the same IP address used to access C.T.'s corporate email account 18 times and F.B.'s corporate email account 16 times between August 4 and August 5, 2015.

Special Agent Frazier interviewed Zephyr Pellerin, who was the defendant's roommate, during the execution of a search warrant at the defendant's residence on December 3, 2015.  The government anticipates that Pellerin will testify that he had lived with the defendant for approximately 3.5 years, that the defendant had previously traveled to Boston sometime in mid-2015 to visit his family, and that the defendant was the only one in the household who regularly ate at the "Flying Pig" cafe, the restaurant located across the street from the residence.  He will also state that he had conversations with the defendant about computer intrusions, and the defendant had said something about "this" in the past.  Specifically, Pellerin remembered the defendant admitting that he "modified the contents of a website."[6]

Finally, Special Agent Frazier reviewed other IP addresses that were used to access Embarcadero's accounts at the relevant dates and times.  Several of these IP addresses are associated with Private Internet Access ("PIA") owned by London Trust Media.  PIA, available at the website privateinternetaccess.com, is a Virtual Private Network ("VPN") provider.  Special Agent Frazier will testify that although, for the reasons described above, he could not link the PIA IP addresses used in the Embarcadero hack directly with the defendant, IP logs for the defendant's personal email accounts show that he had used PIA's VPN service to access his own email on occasion.  Furthermore, according to Pellerin, around mid-2015, the defendant talked to Pellerin about using VPNs, such as F-Secure and PIA, and asked Pellerin to help him configure a VPN with PIA.  As a result, Pellerin assisted the defendant with the configuration, including showing the defendant how to download a list of IP addresses for PIA's VPN services.

The government believes that Special Agent Frazier will also testify as a lay witness regarding the documents he obtained and the information contained in such documents.

To the extent he testifies as an expert, the government will ask the Court to bifurcate his testimony to ensure there is no juror confusion as to the expert portion of his testimony.  Special Agent Frazier's expertise will only be offered to the extent that the witness' technical and specialized knowledge allows him to:  (1) describe technical terms, such as internet protocol addresses, domain names, and mail exchange records; (2) describe techniques that computer intruders use to carry out their schemes, such as studying email accounts and preventing legitimate account owners from accessing their accounts; and (3) draw conclusions regarding the significance of the alteration of the contact email addresses on Embarcadero's GoDaddy account, the cancellation and unlocking of Embarcadero domain

---

[6] The government has filed a motion in limine to admit this statement.

names, and the redirection of Embarcadero's mail exchange records.

The bases and reasons for Special Agent Frazier's testimony are his training, experience, and familiarity with conducting computer intrusion investigations. The bases for his reasons and opinions also include the analysis of the evidence seized in the criminal investigation of this case and may include the reports of law enforcement agents involved in this investigation. On April 27, 2017, the government produced two detailed reports by Special Agent Frazier that describe the evidence he obtained, such as documents from Google, GoDaddy, and AT&T, and included his conclusions based upon his review of that evidence. In addition, on April 16, 2018, Special Agent Frazier and AUSA Joseph Springsteen met with defense counsel to discuss the case. Special Agent Frazier provided a detailed explanation of the evidence and his conclusion that the defendant was responsible for accessing Embarcadero Media's corporate email accounts and GoDaddy account.

The Government hereby reserves the right to supplement this Notice as warranted. Pursuant to Rule 16(b)(1)(C), the Government requests that the defendant disclose any testimony that he intends to use under Rules 702, 703, and/or 705 of the Federal Rules of Evidence as evidence at trial.

DATED: 4/27/18                           Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

/s/
SUSAN KNIGHT
JOSEPH E. SPRINGSTEEN
Assistant United States Attorneys