UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSS COLBY,<br><br>    Defendant. | Case No. 17-CR-00168-LHK<br><br>**ORDER RE: MOTIONS IN LIMINIE**<br><br>Re: Dkt. Nos. 38, 39, and 40 |

Before the Court are the Motions in Limine ("MIL") of Plaintiff United States ("government"), ECF No. 38, and Defendant Ross Colby, ECF Nos. 39 and 40. After reviewing the parties' briefing, the case law, and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence ("Fed. R. Evid.") 403, the Court rules as follows:

**Government's Motions in Limine, ECF No. 38**

MIL #1A: The Defense May Not Claim That the Defendant is Being "Unfairly Singled Out" or "Persecuted" or That Other Individuals Should Have Been Charged.

Ruling: No opposition. Granted.

MIL #1B: The Defense May Not Seek Jury Nullification.

Ruling: Granted.

MIL #1C: Defense Counsel May Not Vouch or Express Personal Opinions

Ruling: No opposition.  Granted.

MIL #2: The Court Should Exclude any Evidence that the Defense was Obligated to Produce Before Trial Pursuant to Rule 16(b)

Ruling: Defense agrees.  Granted.

MIL #3A:  The United States Intends to Introduce Statements of the Defendant

Ruling: The government's April 11, 2018 motion, ECF No. 38, and defendant's April 18, 2018 response, ECF No. 43, did not provide sufficient information for the Court to rule on this motion. Accordingly, on April 20, 2018, the Court ordered the government to file a reply by April 27, 2018.  ECF No. 44.

The government's April 27, 2018 reply, ECF No. 50, stated that this motion was made with respect to the anticipated testimony of defendant's former roommate, Zepher Pellerin, to whom defendant made various statements relevant to the charged conduct.  These statements of the defendant are opposing party statements pursuant to Fed. R. Evid. 802(d)(2). *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1401 (9th Cir. 1991)("A statement is not hearsay and is admissible as an admission when it is 'the party's own statement in either an individual or a representative capacity….'")(quoting Fed. R. Evid. 801(d)(a)(A)).  Further discussion of defendant's statement to Zepher Pellerin may be found in the ruling on defense MIL#2.

However, defendant's response to the government's motion was chiefly concerned with defendant's statements at two proffer sessions with the government.  The government intends to use defendant's statements at the proffer sessions for rebuttal or impeachment purposes, as appropriate.  *United States v. Mezzanatto*, 115 S.Ct. 797, 803 (1995) ("The admission of plea

statements for impeachment purposes *enhances* the truth-seeking function of trials and will result in more accurate verdicts.") (emphasis in original); *United States v. Rebbe*, 314 F.3d 402, 407 (9th Cir. 2002) (admission of defendant's proffer statements in rebuttal will assist in promoting the truth-seeking function of trials and was not error).

Defendant claims that his waiver of rights pursuant to the proffer agreement was not voluntary and knowing. *Mezzanatto*, 115 S.Ct. at 806 (Federal Rules are waivable absent affirmative indication that defendant entered into waiver agreement unknowingly or involuntarily). The government's April 27, 2018 reply stated that should the Court hold an evidentiary hearing on this matter, FBI Special Agents Anthony Frazier and Scott Hellman would testify as to the advisements given to defendant and his counsel at the proffer sessions. Five months ago, on December 6, 2017, the Court and parties scheduled the Pretrial Conference for this case on May 2, 2018. Based on the government's proffer of live testimony at an evidentiary hearing, the Court on April 30, 2018 set an evidentiary hearing for May 2, 2018, the date of the Pretrial Conference. On May 1, 2018, the government informed the Court that the agents are not available until May 14, 2018 and submitted the agents' declarations. ECF No. 55. Defendant and Assistant United States Attorney Susan Knight shall testify at the Pre-Trial Conference on May 2, 2018. If necessary, the Court will hold a subsequent evidentiary hearing for the agents.

MIL #3B: The Defendant May Not Introduce Any Self-Serving Hearsay
Ruling: Denied without prejudice. Fed. R. Evid. 106 ("Rule of Completeness") may apply.


MIL #4: Appropriate Use of FBI Reports During Examination of Witnesses.
Ruling: No opposition. Granted.


MIL #5: The Defendant May Not Raise Duress as an Affirmative Defense Unless and Until He Makes the Prerequisite *Prima Facie* Showing.

3
Case No. 17-CR-00168-LHK
ORDER RE: MOTIONS IN LIMINIE

Ruling: Granted.  Defendant's April 18, 2018 response to this motion concedes that Ninth Circuit law requires a defendant to make a prima facie showing of duress in a pre-trial offer of proof before a defendant may present a duress defense at trial.  ECF No. 43.  Nonetheless, defendant submits "that such a proffer should be made after the close of the government's case." *Id.* at 6. Defendant cites no support for its position, which is contrary to Ninth Circuit law.

Defendant must file an offer of proof by 5 p.m. on Thursday, May 3, 2018.  Defendant's offer of proof must make a prima facie showing of the required three elements: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded dear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm.  *United States v. Vazquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008).

The government shall file a response by 5 p.m. on Tuesday, May 8, 2018.

MIL #6: Admission of Evidence Pursuant to Federal Rule of Evidence Rule 404(b).
Ruling: See ruling on Defendant's MIL#2: Pretrial Hearing Regarding Admissibility of Certain Evidence.

Defense Objection to the Testimony of William S. Johnson
Ruling: The defense raised a relevance objection to the testimony of Mr. Johnson for the first time in its April 18, 2018 response, ECF No. 43, to the government's motions in limine.  On April 20, 2018, the Court ordered the government to file a response to the objection by April 27, 2018.  ECF No. 44.  Based on the government's April 27, 2018 proffer of Mr. Johnson's testimony, ECF No. 50, the Court finds the testimony relevant and overrules the defense objection.

**Defendant's Motions in Limine Re: Expert Disclosures, ECF No. 39**

Expert Disclosure A: The Court Should Order the Government to Fully Comply with the Requirements of Rule 16 Regarding Expert Disclosures.
Ruling: Granted.

Expert Disclosure B: The Court Should Exercise Its Gatekeeping Function and Determine the Validity of Any Proffered Expert Testimony.

Ruling: The Government's April 18, 2018 response to this defense motion stated that Special Agent A. Monte Frazier's testimony did not constitute expert testimony. ECF No. 42. On April 20, 2018, this Court ordered: (1) the government to provide the defense a detailed proffer of Special Agent Frazier's trial testimony on Tuesday, April 24, 2018; (2) the parties to meet and confer by Thursday, April 26, 2018, regarding any defense objections to Special Agent Frazier's proffered trial testimony; (3) defense counsel to file unresolved objections to Special Agent Frazier's testimony by Friday, April 27, 2018; and (4) the government to file a response to the defense objections on Monday, April 30, 2018. ECF No. 44.

The parties filed a Status Memorandum Regarding the Government's Use of Expert Testimony on April 26, 2018, ECF No. 46, in which the government conceded that a portion of Special Agent Frazier's testimony is likely expert testimony and the parties agreed that the government would file a notice of expert testimony by Friday, April 27, 2018. On April 27, 2018, the government filed a Notice of Expert Witness Testimony by FBI Special Agent Anthony Frazier. ECF No. 49. To date, the defense has not filed any objections to the government's notice. Accordingly, this motion is denied as moot.

### Defendant's Motions in Limine, ECF No. 40

**1. Discovery Related Motions**

MIL #1A: All written or recorded statements made by Mr. Colby in this case. Federal Rules of Criminal Procedure [F.R.Cr.P.], Rule 16(a).

Ruling: Granted.

MIL #1B: All written or recorded statements made by Mr. Colby in this case, or any other case prosecuted in any district by prosecutors for the United States Department of Justice or any other

case prosecuted in a state court located in the Northern District of California that is known to prosecutors bearing on the current charges, or related to punishment, penalty and reliable proceedings under *Brady v. Maryland*, 373 U.S . 83 (1963 ); *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 524 U.S . 296; 124 S .Ct. 2531 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Ruling: Granted.

MIL #1C: All Jencks Act statements made by any witness for the Government in this case within the meaning of 18 U.S.C. §3500.

Ruling:  The Court's April 20, 2018 order noted that the culture in this district is for the government to voluntarily produce Jencks Act statements earlier than required by statute.  ECF No. 44.  The Court ordered the parties to meet and confer regarding whether the government would do so in this case and ordered the parties to file a status report by April 27, 2018 as to whether and when an early production would be made.  *Id.*  The parties' Joint Status Memorandum Regarding the Production of Jencks Statements, ECF No. 48, states that the government has already produced all witness statements in its possession and will produce reports of any new information witnesses provide during pretrial preparation interviews.  Accordingly, this motion is denied as moot.

MIL#1D: Reports of all examination and tests of physical evidence. F.R.Cr.P. Rule 16(a)(1)(F).
Ruling: Granted.

MIL #1E: Summaries of all testimony of expert witnesses the Government intends to use during its case-in-chief at trial. F.R.Cr.P. Rule 16(a)(1)(G).
Ruling: Granted.

1  MIL #1F: All co-conspirator statements the Government intends to introduce at trial under the
2  provisions of Rule 801(d)(2)(E) of the Federal Rules of Evidence [F.R.E.].
3  Ruling: Granted.

5  MIL#1G: Regarding any witness that the Government intends to call at trial, all information
6  relating to:
7  (1) Any consideration, reward, incentive award, pa y increase, bonus,
8  agreement, or promise, including g rants of formal immunity, informal immunity, witness fees,
9  special witness fees, travel reimbursement, and/or assistance of any nature with respect to any
10 criminal or civil case, given by the Government, to any witnesses or any person assisting the
11 Government in connection with this case;
12 (2) Any investigation or prosecution the existence of which is known, or through the exercise of
13 due diligence becomes known, to attorneys for the Government, which could be brought against
14 any Governmental witness, together with the probation, parole or deferred prosecution status of
15 each witness;
16 (3) Any statement, whether oral or written, made by any individual whom the Government
17 intends to call as a witness at trial, including any statements which are inconsistent with the
18 witness' anticipated testimony.
19 (4) Any arrest or conviction records of the witness whether the offense was in violation of a
20 federal, state or local statute or ordinance, and a statement of the nature of the offense, the name of
21 the court with jurisdiction over the offense, the case number and the location of any such arrest or
22 conviction; and
23 (5) Any information bearing upon the credibility or reliability of persons who have cooperated
24 with the Government in this case.
25 (6) Any plea agreement entered into by the witness.
26 Ruling: Granted.

1  MIL#1H: All information favorable to the defense, and material to the issues of either guilt or
2  punishment either through an indication of Mr. Colby's innocence, negation of any elements of
3  the charged offense, or through potential impeachment of Government witnesses or contradiction
4  of Government evidence; and all information which may be or become of benefit to Mr. Colby in
5  presenting the merits of their defense at trial according to the current law requiring Government
6  disclosures.
7  Ruling: Granted.

9  MIL#1I: Other acts of the defendant the Government intends to introduce under the provisions of
10 F.R.E. Rules 404 and 608.
11 Ruling: Granted.

13 MIL#1J: All personnel, disciplinary, or other files concerning the law enforcement agents
14 who participated in the investigation of this case, and production of all files concerning
15 misconduct by any agents of the United States, or any agents or individuals working in
16 conjunction with the United States in this case. *United States v. Henthorn* 931 F.2d 29 (9th Cir.
17 1991)
18 Ruling: Granted.

20 **2.  Pretrial Hearing Regarding Admissibility of Certain Evidence**
21 MIL #2: The Court make a preliminary determination as to the admissibility of evidence of
22 intrusion into any of the Embarcadero computers beyond the charged conduct of accessing
23 employee e-mail accounts at the GoDaddy account and/or deleting email accounts is admissible
24 where the defendant Ross Colby has not been charged with such other conduct. F.R.E. Rules 401,
25 403, and 404(b).
26 Ruling: The government's April 18, 2018 reply, ECF No. 42, to defendant's motions in limine did
27 not address this defense motion.  On April 20, 2018, the Court ordered the government to file a

response by April 23, 2018. ECF No. 44. On April 23, 2018, the government filed a reply, ECF No. 45, to defendant's motion in limine regarding admissibility of evidence, ECF No. 40.

First, defendant's statements to his former roommate, Zepher Pellerin, relevant to the charged conduct constitute opposing party statements pursuant to Fed. R. Evid. 802(d)(2). *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1401 (9th Cir. 1991)("A statement is not hearsay and is admissible as an admission when it is 'the party's own statement in either an individual or a representative capacity….'")(quoting Fed. R. Evid. 801(d)(a)(A)).

Second, defendant's two modifications of Embarcadero's GoDaddy.com account, defendant's intrusions into other Embarcadero accounts (i.e., those of C.T., F.B., C.P., and a corporate email account), and Defendant's statements to Zepher Pellerin are inextricably intertwined with the charged offenses.

Even if such evidence were not inextricably intertwined, it would be admissible pursuant to Fed. R. Evid. 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. The Court finds that the other acts evidence tends to prove a material point in issue, are not too remote in time, can be proven with evidence sufficient to show that the acts were committed, and are similar to the offenses charged.

Regardless of which basis of admissibility applies, such evidence is highly probative and is not outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**IT IS SO ORDERED.**

Dated: May 1, 2018

_____
LUCY H. KOH
United States District Judge

9
Case No. 17-CR-00168-LHK
ORDER RE: MOTIONS IN LIMINIE