ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
JOSEPH E. SPRINGSTEEN (DCBN 474317)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    E-Mail:Susan.Knight@usdoj.gov
        Joseph.Springsteen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 17-00168 LHK |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES' SUPPLEMENTAL BRIEF |
| | ) REGARDING THE USE OF THE DEFENDANT'S |
| v. | ) PROFFER STATEMENTS AT TRIAL |
| | ) |
| ROSS COLBY, | ) |
| | ) |
| Defendant. | ) |

The United States files this brief in response to the Court's Order for supplemental briefing on the legal standard for evaluating whether a waiver pursuant to a proffer agreement is voluntary and knowing and how that standard applies in the instant case. Dkt. No. 59.

//
//
//
//
//
//

U.S.' SUPPLEMENTAL BRIEF
CR 17-00168 LHK

# DISCUSSION

## I. The Proffer Agreement.

The defendant claims that he did not make a knowing and voluntary wavier when he signed the proffer agreement on May 17, 2016. *See* Def. Mot. at 43; *see also* Dkt. No. 66, Transcript of Evidentiary Hearing. The government disagrees with the defendant's claims and believes that, after the record is complete, the evidence will demonstrate that he made an intelligent and knowing waiver. *See* Gov't Suppl. Brief, Dkt. No. 50.

At issue are the following two paragraphs in the proffer agreement:

> (2) Except as set forth in paragraphs (3), the Office will not offer in evidence any statements made by Client at the meeting (a) in its case-in-chief at a trial against Client, or (b) at Client's sentencing. The Office may use any statements made by Client or any information directly or indirectly derived from statements made by Client at the meeting for any other purpose, including (a) to obtain leads to other evidence that may be used against Client at any stage of a criminal prosecution; or (b) in any prosecution of Client for perjury, false statements, or obstruction of justice.
>
> (3) Notwithstanding paragraph (2), the Office may use any statements made by Client at the meeting for any purpose (a) if Client testifies at any hearing or trial; or (b) to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to a detention hearing, trial, or sentencing).

*See* Exhibit A, proffer agreement.

## II. Legal Standard for Determining Whether The Defendant Made a Knowing and Voluntary Waiver.

Generally, statements made in a proffer session are not admissible as evidence against a defendant because of the protections afforded by Rule 410 of the Federal Rules of Evidence. *United States v. Parra*, 302 F.Supp.2d 226, 233 (S.D.N.Y. 2004). However, a defendant may waive the provisions of Rule 410 of the Federal Rules of Evidence. To be enforceable, a defendant's waiver of the provisions of Federal Rule of Evidence 410 must be knowing and voluntary. *See United States v. Mezzanatto*, 513 U.S. at 210 (holding that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable"); *United States v. Velez*, 354 F.3d 190, 195-96 (2d Cir. 2004) (enforcing proffer agreement in which "defendant waived his exclusionary privilege in all circumstances in which the defense presents contradictory testimony, evidence, or arguments-whether or

not defendant himself testifies"); *United States v. Ready*, 82 F .3d 551, 556 (2d Cir.1996) (holding that appeals waiver must be knowing and voluntary and should be evaluated using applicable principles of contract law).

"A waiver is made knowingly if the defendant has 'a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it,' and it is voluntary if it is 'the product of a free and deliberate choice rather than intimidation, coercion, or deception.'" *Velez*, at 196 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

The government must show by a preponderance of the evidence that the defendant waived the provisions of Rule 410 knowingly and voluntarily. *See Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986) (holding that the government bears the burden of proof to show by a preponderance of the evidence that a defendant knowingly and voluntarily waived Miranda rights); *United States v. Lauersen*, 2000 WL 1693538, at *7 (S.D.N.Y. Nov. 13, 2000) (finding that the government failed to demonstrate that the defendant knowingly waived rights protected by FRE 410 where defense counsel did not realize or explain that proffer agreement permitted use of statements beyond impeachment); *see also Ready*, 82 F.3d at 555-57 (noting that a court should scrutinize carefully the circumstances of a defendant's waiver of statutory rights such as the right to appeal a criminal conviction).

**III.    The Application of the Legal Standard is Premature Because the Record is Not Complete.**

The Court held an evidentiary hearing on May 2, 2018 where the defendant and AUSA Susan Knight testified. *See* Dkt. No. 60. On May 4, 2018, the government filed a declaration by FBI Special Agent Anthony Frazier in which he explained that he did not take any notes during the May 17, 2016, proffer and that he "[did] not recall AUSA Knight – or anybody present during the interview – use the phrase 'limited immunity.'" *See* Dkt. No. 65. On May 24, 2018, Joy Bertrand, who previously represented the defendant, and FBI Special Agent Scott Hellman will testify at an evidentiary hearing about the terms of the proffer. After they testify, the record will be complete and the government anticipates that the Court will order further briefing or orally issue a ruling following the testimony of Ms. Bertrand and Special Agent Frazier.

//

//

**IV.    The Court Should Delay its Ruling Until After the May 24 Hearing.**

Based on the above, the Court must evaluate the record as established at the evidentiary hearing on May 2, 2018, and as supplemented by the hearing to be held on May 24, 2018. Once the record is complete, the Court should review the record and, based on the totality of the circumstances, determine whether the government has established by a preponderance of the evidence that the defendant's waiver of rights pursuant to the proffer agreement was knowing and voluntary.

DATED: May 10, 2018							Respectfully submitted,

								ALEX G. TSE
								Acting United States Attorney

								/s/
								SUSAN KNIGHT
								JOSEPH E. SPRINGSTEEN
								Assistant United States Attorneys

U.S.' SUPPLEMENTAL BRIEF
CR 17-00168 LHK