## PROFFER AGREEMENT

This Agreement sets forth the understanding and agreement of Ross Colby ("Client") and Client's attorney, Joy Bertrand, with respect to Client's telephonic meeting on May 17, 2016 ("the meeting") with the undersigned representatives of the United States Attorney's Office for the Northern District of California ("the Office") and agents of Federal Bureau of Investigation.

(1) Client agrees that Client shall truthfully and completely disclose all information with respect to Client's activities and the activities of others that are the subject of inquiry by the Office at the meeting.

(2) Except as set forth in paragraphs (3), the Office will not offer in evidence any statements made by Client at the meeting (a) in its case-in-chief at a trial against Client, or (b) at Client's sentencing. The Office may use any statements made by Client or any information directly or indirectly derived from statements made by Client at the meeting for any other purpose, including (a) to obtain leads to other evidence that may be used against Client at any stage of a criminal prosecution; or (b) in any prosecution of Client for perjury, false statements, or obstruction of justice.

(3) Notwithstanding paragraph (2), the Office may use any statements made by Client at the meeting for any purpose (a) if Client testifies at any hearing or trial; or (b) to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to a detention hearing, trial, or sentencing).

(4) Client and Client's attorney understand that this Agreement is limited to statements made by Client at the meeting and does not apply to any oral, written, or recorded statements made by Client at any other time or to any other information provided at the meeting. The parties further agree that statements made by Client and the Office at this meeting do not constitute "plea discussions" or any "related statement" within the meaning of Federal Rule of Criminal Procedure 11(f) or statements "made in the course of plea discussions" within the meaning of Federal Rule of Evidence 410.

(5) Client understands that this Agreement is not binding on any other United States Attorney's office or on any other federal, state, tribal, or local office or agency. Client further understands that no understandings, promises, or agreements have been entered into other than those set forth in this Agreement, and nothing said at the meeting will constitute a promise or agreement unless Client, Client's attorney, and the Office agree in writing.

BRIAN J. STRETCH
United States Attorney

_____   \_\_\_5/17/16_____
SUSAN KNIGHT                        Date
Assistant United States Attorney


I, Ross Colby, have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____   \_\_\_5/17/16_____
ROSS COLBY                          Date
Client


I am Ross Colby's attorney. I have carefully reviewed every part of this agreement with him. To my knowledge, my client's decision to enter into this agreement is informed and voluntary.

_____   \_\_\_5/17/16_____
JOY BERTRAND                        Date
Attorney for Ross Colby


Dates of Continuation                Initials of counsel, Client, AUSA

_____          \_\_\_\_\_  \_\_\_\_\_  \_\_\_\_\_

_____          \_\_\_\_\_  \_\_\_\_\_  \_\_\_\_\_

_____          \_\_\_\_\_  \_\_\_\_\_  \_\_\_\_\_

_____          \_\_\_\_\_  \_\_\_\_\_  \_\_\_\_\_