VICKI H. YOUNG
Law Offices of Vicki H. Young
2211 Park Boulevard
Palo Alto, California 94306

Telephone   (650) 289-0635
Fax         (650) 289-0636

Counsel for Ross Colby

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 17-00168 LHK |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF POINTS AND AUTHORITIES REGARDING LEGAL STANDARD FOR EVALUATING A WAIVER PURSUANT TO A PROFFER AGREEMENT |
| ROSS COLBY, | ) | |
| Defendant. | ) | |

Pursuant to the Court's Order at Docket No. 59, Ross Colby, through counsel hereby submits a supplemental brief regarding the legal standard for evaluating waivers.

Ross Colby participated in two proffer sessions with the government – one by telephone in December 2015, and one in person in April 2016. The government prepared proffer agreements and submitted them to Mr. Colby's prior counsel.

These agreements state that

> (2) Except as set forth in paragraph (3), the Office will not offer in evidence any statements made by client at the meeting (a) in its case-in-chief at a trial against Client, or (b) at Client's sentencing. The Office may use any statements made by Client or any information directly or indirectly derived from statements made by client at the meeting for any other purpose, including (a) to obtain leads to other evidence that may be used against Client at any

    state of a criminal prosecution; or (b) in any prosecution of client for perjury, false statements, or obstruction of justice.

  (3) Notwithstanding paragraph (2), the Office may use any statements made by Client at the meeting for any purpose (a) if client testifies at any hearing or trial; or (b) to rebut any evidence offered, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to a detention hearing, trial, or sentencing).

  Although statements made during plea negotiations are ordinarily inadmissible under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6), a defendant can nevertheless waive the right to present their use.  <u>United States v. Mezzanatto</u>, 513 U.S. 196, 115 S.Ct. 797 (1995).  However, the <u>Mezzanatto</u> Court also made clear that such a waiver must be both voluntary and knowing.  The trial judge must find "that absent some affirmative indication that the agreement (to waive) was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of Rule 11(e)(6) and Federal Rule of Evidence 410 is enforceable."  <u>Mezzanatto</u>, 513 U.S. at 210.

  A waiver is made knowingly if the defendant has a "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," and it is voluntary if it is the product of a free and deliberate choice rather than intimidation, coercion, or deception. <u>Moran v. Burbine</u>, 475 U.S. 412, 106 S.Ct. 1135 (1986).

  In applying a "knowing and voluntary" standard in determining whether a defendant has waived his rights under exclusionary rules for plea statements, the Supreme Court adopted the heightened standard reserved for waiver of rights essential to a fair trial and the reliability of the adjudicative process.  <u>Brady v. United States</u>, 397 U.S. 742 (1970) (Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.")  Agreements containing waivers of such essential rights are to be construed narrowly because they "are unique contracts in which special due

P & A REGARDING LEGAL STANDARD FOR
EVALUATING WAIVERS IN PROFFER
AGREEMENTS   - 2 -

process concerns for fairness and the adequacy for procedural safeguards obtain." United States v. Ready, 82 F.3d 551, 558-59 (2d Cir. 1996).

In United States v. Lauerson, 2000 U.S. Dist. LEXIS 16404, 2000 WL 1693538 (S.D.N.Y. Nov. 13, 2000), the district court applied the reasoning in Ready to the provisions of a "queen for a day" proffer agreement. The district court found that agreements containing waivers of essential rights are to be construed narrowly because they "are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." Larsen, citing Ready, 82 F.3d at 556. The agreements are to be construed strictly against the Government for the primary reason that the Government typically drafts the agreement. The agreements are to be construed against a background understanding of legality. Third, courts may apply general fairness principles to invalidate particular terms of such agreements.

In Lauerson, the court found that the Government had not demonstrated that the defendant knowingly waived her rights as to the admissibility of statements made during her proffer for the purposes beyond impeachment. The court noted that the terms of the proffer agreement were incompletely explained. No one explained that the proffer agreement might be triggered by the exercise of her Sixth Amendment rights to cross-examination, to make closing arguments, or to call witnesses on her behalf. Similarly, no one explained that the term "arguments" as used in Paragraph 2(b) referred to opening statements and that statements made in that context might trigger the proffer agreement. Lauerson, id. Limiting the waiver to allow the proffer statements to be used for impeachments purposes only affords the Government no more than what had been allowed in Mezzanatto, 513 U.S. at 210.

The court further held that in order to protect the integrity of the proceeding and to ensure that matters presented to the jury are grounded in good faith, based on the substance of the statements made during the proffer session, the court will not permit defense counsel to elicit substantive (non-impeachment testimony, either on cross examination of Government witnesses or

1   from witnesses called to testify on her behalf, or to present arguments to the jury at any stage of the

2   proceeding, that directly contradict specific factual assertions made during the proffer session.

3         The <u>Lauerson</u> approach to evaluating waivers in proffer agreements has recently been

4   applied in a district court in the Ninth Circuit.

5         In <u>United States v. Seleznev</u>, 2016 U.S. Dist. LEXIS 57620 (W.D. Wash. April 29, 2016), the

6   district court applied the knowing and voluntary standard in evaluating waivers contained in a

7   proffer agreement.  The defendant testified that he was unaware that derivative evidence could be

8   used against him, only against others.  The attorneys testified to the contrary and stated that he had

9   explained to the defendant that leads could be used against him.  The court credited counsel's

10  version of the facts and found that the defendant knowingly and voluntarily agreed to the waivers

11  contained in paragraph 6 [Derivative Use] .

12        The court did not find a knowing and voluntary waiver as to the waivers contained in

13  paragraph five which stated that

> If your client should testify materially contrary to the substance of the [TEST REDACTED BY THE COURT], or otherwise present in a legal proceeding either directly in through counsel, a position materially inconsistent with the [TEXT REDACTED BY THE COURT], the [TEST REDACTED BY THE COURT] may be used against your client as impeachment or rebuttal evidence, or as a basis for a prosecution for perjury or false statements.

      The court noted that the attorneys admitted that they failed to specifically explain how paragraph five would limit their abilities to present his case.  Defense counsel had failed to specify that paragraph five would limit counsel's ability to present his case and would prevent counsel's from making certain representations during opening, cross-examination and summation.

      The court found that the defendant may not have fully appreciated the consequences of paragraph five, and found that the defendant's [TEXT REDACTED BY THE COURT] statement may be used for impeachment purposes only.  The <u>Seleznev</u> opinion cited two other district court cases which had applied a similar analysis in evaluating waivers in proffer statements. <u>United States</u>

1   v. Burnett, 2009 U.S. Dist. LEXIS 62144, 2009 WL 2180373 (E.D. PA July 17, 2009) and United

2   States v. Lauersen, 2000 U.S. Dist. LEXIS 16404, 2000 WL 1693538 (S.D.N.Y. Nov. 13, 2000).

3         The Seleznev court cautioned that defense counsel will not be allowed to present evidence or

4   make arguments on defendant's behalf that directly contradict specific factual assertions made by the

5   defendant at his [TEXT REDACTED BY THE COURT] session.  Similar limitations were ordered

6   in Burnett, and Lauersen.

7         In United States v. Rebbe, 314 F.3d 402 (9th Cir. 2002), the Ninth Circuit upheld the

8   defendant's proffer waiver for purposes of impeachment, finding that the waiver was knowing,

9   voluntary and intelligent.  The Ninth Circuit noted that the defendant was still free to challenge the

10   sufficiency of the Government's evidence, challenge the credibility of Government witnesses,

11   question the witnesses about their knowledge and qualifications, challenge inconsistencies in the

12   Government's evidence, and ask Government witnesses about their motives for testifying without

13   triggering the proffer's admission as rebuttal.

14         Since the Colby evidentiary hearing is continuing on May 24, 2018, any argument on the

15   waivers in the instant matter will be presented at the close of the hearing.

17   DATED: May 10, 2018                        Respectfully submitted,

                                              /s/ Vicki H. Young
                                              VICKI H. YOUNG
                                              Attorney for Ross Colby

P & A REGARDING LEGAL STANDARD FOR
EVALUATING WAIVERS IN PROFFER
AGREEMENTS                                    - 5 -