EDWARD F. DONOHUE (SBN 112730)
edonohue@hinshawlaw.com
CASSIDY E. CHIVERS (SBN 203043)
cchivers@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:     415-362-6000
Facsimile:      415-834-9070

Non-Party Witness JOY BERTRAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) Case No. 17-CR-00168-LHK-1 |
|---|---|
| Plaintiff, | ) **DECLARATION OF NON-PARTY WITNESS JOY BERTRAND IN SUPPORT OF MOTION TO VACATE ORDER TO PRODUCE DOCUMENTS AND APPEAR AT EVIDENTIARY HEARING ON MAY 24, 2018** |
| vs. | |
| ROSS COLBY, | |
| Defendants. | |

I, JOY BERTRAND declare as follows:

1.  I am an attorney at law licensed to practice in the State of California. I have personal knowledge of the information set forth below and if called as a witness, I could and would competently testify thereto.

2.  I represented the defendant Ross Colby during the investigatory stage of the above-referenced criminal matter between December 2015 and April 2017. I formally withdrew from the representation on or about April 11, 2017, when Mr. Colby was indicted.

3.  The United States initially investigated Mr. Colby for criminal conduct with which he was never formally charged in the indictment.

4. When I was first retained, Government officials were investigating and contemplating charges against Mr. Colby that I believed were not legally or factually supported. The United States proposed a meeting with Mr. Colby, pursuant to a proffer agreement, to confirm that the more serious allegations either were unsupported by the facts or mitigated. The Government indicated that if one of both of those defense propositions was true, then the Government would consider prosecuting Mr. Colby on lesser charges.

5. On March 22, 2016, the United States forwarded to me a proposed proffer letter, the contents and terms of which are inadmissible under multiple client and prosecutorial privileges. A common and critical element of both the draft and final Proffer Agreement is that it contained express and standard "use and derivative use" immunity terms approved by the United States Supreme Court in *Kastigar v. United States*, 406 U.S. 441 (1972).

6. After approximately three months of the Government and me communicating about this matter, Mr. Colby agreed to meet with government officials on May 17, 2016 to both discuss and potentially execute a final Proffer Agreement.

7. On May 17, 2016, before the meeting with government officials to discuss and potentially execute the Proffer Agreement, I met with Mr. Colby for between ninety minutes and two hours to discuss the Government's investigation of Mr. Colby. I had met with him several times in person at my office to discuss the Government's investigation.

8. I have read the transcript of the May 2, 2018 evidentiary hearing in this case, wherein Mr. Colby was examined regarding confidential communications he had with me, during my engagement and concerning the Proffer Agreement. I had no prior knowledge that he would make such statements. I cannot provide my account of communications with Mr. Colby and any legal advice that was provided to Mr. Colby, without revealing attorney-client confidences.

9. I first learned of Mr. Colby's May 2, 2018 testimony on May 2, 2018, when the Court called me during the hearing.

10. My file concerning my representation of Mr. Colby consists of privileged attorney-client communications with Mr. Colby and my protected work product.

2

DECLARATION OF NON-PARTY WITNESS JOY BERTRAND IN SUPPORT OF MOTION TO VACATE ORDER TO PRODUCE DOCUMENTS AND APPEAR AT EVIDENTIARY HEARING ON MAY 24, 2018
Case No. 17-CR-00168-LHK-1
301898525v1 2496

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 21st day of May, 2018 at Scottsdale, Arizona.

_____
JOY BERTRAND