1 | ALEX G. TSE (CABN 152348)
Acting United States Attorney

2

3 | BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

4 | SUSAN KNIGHT (CABN 209013)
JOSEPH E. SPRINGSTEEN (DCBN 474317)

5 | Assistant United States Attorneys

6 |    150 Almaden Boulevard, Suite 900
     San Jose, California 95113
7 |    Telephone: (408) 535-5061
     FAX: (408) 535-5066
8 |    E-Mail:Susan.Knight@usdoj.gov
            Joseph.Springsteen@usdoj.gov
9
   | Attorneys for United States of America
10

11 | VICKI H. YOUNG
   Law Offices of Vicki H. Young
12
   |    2211 Park Boulevard
13 |    Palo Alto, California 94306
     Telephone: (650) 289-0635
14 |    Fax: (650) 289-0636

15 | Counsel for Ross Colby

16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                         SAN JOSE DIVISION
19

UNITED STATES OF AMERICA,              )   No. CR 17-00168 LHK
20                                     )
         Plaintiff,                    )   JOINT MOTION REQUESTING REDACTION OF
21                                     )   GOVERNMENT EXHIBIT NO. 4; [PROPOSED]
     v.                                )   ORDER
22                                     )
ROSS COLBY,                            )
23                                     )
         Defendant.                    )
24 | _____ )

25
                            **INTRODUCTION**
26

27 |         On May 2, 2018 and May 24, 2018, the Court held evidentiary hearings regarding the United

28 | States' motion in limine to use the defendant's proffer statement for the purposes of impeachment or

JOINT FILING
CR 17-00168 LHK

1  rebuttal at trial.  *See* Dkt. Nos. 60 and 94.

2       On May 24, 2018, Federal Bureau of Investigation Special Agent Scott Hellman testified

3  regarding the notes he took during the proffer, in particular, explaining why he recorded the words

4  "limited immunity" in his notes.  *See* Dkt. No. 95, Transcript of Evidentiary Hearing, at 13-15.  His

5  notes, consisting of six pages, were previously marked as Defendant's Exhibit 4 and subsequently were

6  moved into evidence as Joint Exhibit 4.  *See id.* at 16.

7       The public generally has a First Amendment right to access court documents and proceedings,

8  and a party seeking to seal documents must demonstrate "compelling reasons" that outweigh the

9  presumption in public disclosure.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th

10  Cir. 2006) (citations omitted).  However, the public's interest in non-dispositive motions is lesser than

11  dispositive motions "because those documents are often 'unrelated, or only tangentially related, to the

12  underlying cause of action,'" and therefore, the parties must demonstrate "good cause" for sealing a

13  document.  *Id.*

14       Here, the parties respectfully request that Exhibit 4 be replaced with a redacted copy that

15  conforms to the testimony given by the witnesses at the evidentiary hearings.  The parties submit that

16  there is good cause to redact Exhibit 4 because a portion of Special Agent Hellman's notes contain

17  information provided by the defendant pursuant to a proffer agreement and are irrelevant to the issues

18  under consideration by the Court at the evidentiary hearing.[1]  Thus, if the Court allows the parties to

19  submit a redacted version of Exhibit 4, the public will have access to a document that formed the basis

20  of Special Agent Hellman's testimony while concurrently protecting the defendant's statements that

21  were made pursuant to a proffer agreement.

22                                **LEGAL BACKGROUND**

23       The public and press are presumed to have a right of access to criminal proceedings and

24  "documents filed therein" stemming from the First Amendment and the common law.  *CBS, Inc. v. U.S.*

25  *Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985) (citations omitted).  This presumption may be overcome

26  only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence

27

28       [1] The parties will provide hard copies of a redacted and unredacted copy of Exhibit 4 to the
   Court.

JOINT FILING
CR 17-00168 LHK                           2

1  of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that

2  would adequately protect the compelling interest." *Phx. Newspapers, Inc. v. U.S. Dist.*, 156 F.3d 940,

3  949 (9th Cir. 1998).  The court must make "specific factual findings" rather than "conclusory assertions

4  alone" so that a reviewing court can determine whether sealing the record was proper.  *Id.* (citation

5  omitted); *CBS*, 765 F.2d at 825.  In this case, the evidentiary hearing and the transcript for the hearing

6  are already public.  There has not been any sealing of the actual proceeding.

7          Whether a reason is compelling is "left to the sound discretion of the trial court," though

8  examples include records which might be used to "gratify private spite, promote public scandal,

9  circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

10 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).  The

11 access right may also be limited to "protect private property interests," *United States v. Brooklier*, 685

12 F.2d 1162, 1171 (9th Cir. 1982), or protect juror privacy, *Press-Enter. Co. v. Superior Court*, 464 U.S.

13 501, 511 (1984).  However, the "mere fact that the production of records may lead to a litigant's

14 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court

15 to seal its records," *Kamakana*, 447 F.3d at 1179 (citation omitted), and "injury to official reputation" is

16 insufficient to repress speech "that would otherwise be free." *In re McClatchy Newspapers, Inc.*, 288

17 F.3d 369, 374 (9th Cir. 2002) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 841-42

18 (1978)).

19          Furthermore, there are distinctions between non-dispositive and dispositive motions.

20 "Specifically, the public has less of a need for access to court records attached only to non-dispositive

21 motions because those documents are often "'unrelated, or only tangentially related, to the underlying

22 cause of action.'" *Kamakana*, 447 at 1179 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104

23 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).  Therefore, a "good cause showing . . . will suffice to keep sealed

24 records attached to non-dispositive motions." *Id.*

25          Even where sealing is appropriate, "it must be no greater than necessary to protect the interest

26 justifying it." *Brooklier*, 685 F.2d at 1172 (citation omitted).  Personally identifiable information may

27 be redacted. *See* Fed. R. Crim. P. 49.1(a).

28

JOINT FILING
CR 17-00168 LHK                                    3

1    Finally, a court wishing to seal a document must provide sufficient notice to the public and press

2  to "afford them the opportunity to object or offer alternatives," and if any objections ensue, a hearing on

3  the objections "must be held as soon as possible." *Phx. Newspapers*, 156 F.3d at 949.

4                                    **DISCUSSION**

5  **I.    The Parties Request that a Redacted Copy of Exhibit No. 4 Be Publicly Available.**

6    The parties believe that there is "good cause" to redact Exhibit 4 to conform with the testimony

7  given during the evidentiary hearings.

8    As an initial matter, where a defendant has not breached a proffer agreement between the parties,

9  the government may not use the statements made by the defendant pursuant to the proffer.  Maintaining

10  these statements in confidence promotes the public's interest in the confidentiality of law enforcement

11  investigations, and also assures would-be cooperators that their proffer statements will not become

12  public except in extraordinary circumstances. *See* Exhibit No. 3.

13    The purpose of the evidentiary hearings on May 2, 2018, and May 24, 2018 was limited to a

14  determination whether the defendant had knowingly and voluntarily waived his Fifth Amendment rights

15  when he signed the proffer agreement, and had nothing to do with the substance of his proffer

16  statements.  Therefore, the majority of the information contained in Special Agent Hellman's notes was

17  irrelevant to the subject of the hearing.  At the May 24, 2018 evidentiary hearing, Special Agent

18  Hellman's notes were admitted for a limited purpose to determine what he meant by writing the words

19  "limited immunity." *See* Dkt. No. 95.  Thus, the only the first three paragraphs of Special Agent

20  Hellman's notes listing the date, the participants, and review of the proffer agreement were relevant to

21  his testimony.  The remainder of his notes contain information provided by the defendant pursuant to the

22  proffer agreement with the government.  Special Agent Hellman did not testify about the substantive

23  information contained in the notes during the hearing.

24    Generally, the public's interest in viewing documents attached to pleadings is to that it can better

25  understand the judicial process and ensure accurate fact finding. *Richmond Newspapers v. Va.,* 448 U.S.

26  555, 599 (U.S. 1980).  Where, as here, the redacted portion of the Exhibit 4 played no role in resolving

27  the issue before the court, the public's interest in disclosure of that portion of the document is minimal.

28

1    *See United States v. Hubbard*, 650 F.2d 293, 317-318 (D.C. Cir. 1980) (public interest "only modestly

2    served" by unsealing documents not relied upon by trial judge in deciding motion).

3          The fact of the defendant's cooperation with the government was publicly-revealed through

4    pretrial filings, the testimony of witnesses at the evidentiary hearings on May 2, 2018 and May 24, 2018,

5    and Court rulings. *See* Dkt. Nos. 38, 43, 50, 56, 59, 60, 65, 66, 94, 95, and 127.  Notwithstanding the

6    general disclosure regarding the defendant's cooperation and that a proffer session was held, the

7    substance of the defendant's cooperation has not been publicly revealed.[2]  The notes contain details

8    provided to the FBI by the defendant in confidence, pursuant to the proffer agreement between the

9    defendant and the government, and there is good cause to protect the confidentiality of the notes,

10   particularly the portions that were irrelevant to Special Agent Hellman's testimony or the underlying

11   inquiry that was the subject of the evidentiary hearing.

12                                        **CONCLUSION**

13         Based on the foregoing, the parties respectfully request that Exhibit 4 be replaced with a redacted

14   copy and be made part of the public record.

15   DATED: 6/25/18                          Respectfully submitted,

16                                           ALEX G. TSE
                                             Acting United States Attorney
17
                                             /s/
18                                           SUSAN KNIGHT
                                             JOSEPH E. SPRINGSTEEN
19                                           Assistant United States Attorneys

20   DATED: 6/25/18

21
                                             /s/
22                                           VICKI H. YOUNG
                                             Counsel for Mr. Colby
23

24

25

26                                                    .

27

28         [2] The parties note that the Court read portions of the FBI 302 report regarding the proffer session
     into the record during a hearing following the jury's verdict on June 6, 2018.

1

**[PROPOSED] ORDER**

2      Based on the foregoing, the Court FINDS that the parties have demonstrated "good cause"

3    justifying the redaction of portions of Exhibit 4.

4      Accordingly, the Court ORDERS that Exhibit 4 shall be redacted starting at the fourth paragraph

5    and that the redacted version be made available to the public.

6    SO ORDERED.

7    DATED:

8                                   _____

9                                   HONORABLE LUCY H. KOH
                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28