VICKI H. YOUNG (CABN 73261)
LAW OFFICES OF VICKI H. YOUNG
2211 Park Boulevard
Palo Alto, California  94306
Telephone: (650) 289-0635
Facsimile: (650) 289-0636
vickihyoung@yahoo.com

Attorney for Defendant
ROSS COLBY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSS COLBY,<br><br>    Defendant. | Case No. 17-CR-00168-LHK<br><br>**DEFENDANT ROSS COLBY'S MOTION FOR NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33**<br><br>Date:   August 22, 2018<br>Time**:**   9:15 a.m.<br>Judge**:**   Hon. Lucy H. Koh |

**NOTICE OF MOTION**

TO THE HONORABLE COURT; ALEX G. TSE, ACTING UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA; AND ASSISTANT UNITED STATES ATTORNEYS SUSAN KNIGHT AND JOSEPH SPRINGSTEEN:

PLEASE TAKE NOTICE that on the date and time indicated above, Defendant Ross Colby moves this Court for an order granting a new trial as to all counts.  Mr. Colby brings this motion pursuant to Fed. R. Crim. P. 33 and the Fifth Amendment to the United States Constitution.

1   This Motion is based upon the below memorandum of points and authorities, the files and
2  records in the above-captioned case, and any and all matters that may be brought to the Court's attention
3  prior to or during the hearing on this Motion.
4
5   Respectfully submitted this 29th day of June, 2018.
6
7                                                        */s/ Vicki H. Young*_____
                                                         VICKI H. YOUNG
8                                                        *Attorney for Defendant Ross Colby*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

On June 6, 2018, after a five-day jury trial, and after nearly two days of jury deliberations, the jury convicted Mr. Colby of all counts in the indictment: Count One, which charged a violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(b)(i) (Intentional Damage to a Protected Computer); Count Two, which charged a violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(b)(ii) (Attempted Damage to a Protected Computer); and Counts Three through Five, which charged violations of 18 U.S.C. § 1030(a)(2)(C) (Misdemeanor Computer Intrusion). *See* ECF Doc. 133 (Verdict Form).

Prior to rendering its verdicts, the jury submitted two questions to the Court. Both questions evidenced confusion as to what could or could not be considered as evidence in reaching its verdicts; and both questions evidenced confusion as to the proper burden in a criminal trial – namely, that the defense does not have a burden and does not have to affirmatively establish alternate theories to disprove the government's case. The court's responses to the juror questions did not address this burden-shifting. Rather, the court simply referred the jury back to the original instructions; the evidenced confusion as to the burden of proof remained; and the jury rendered its verdict with this confusion left unchecked and uncorrected by the court. The court's response to the juror questions, which did nothing to address the jury's evidenced confusion on the burden of proof, violated Mr. Colby's Fifth and Sixth Amendment rights as guaranteed by the United States Constitution. As such, Mr. Colby respectfully moves for a new trial on all counts.

### II.     SUMMARY OF RELEVANT PROCEDURAL HISTORY

In June 2018 Mr. Colby proceeded to jury trial on all counts brought against him in the Indictment, which alleged that he had been responsible for remotely accessing and altering (or attempting to alter) the website(s) of Embarcadero Media in 2015. *See* Doc 1. On the morning of June 6, 2018, the jury, which was in its second day of deliberations, submitted two notes to the Court by which it sought clarification and/or additional information from the Court. *See* ECF Docs. 130, 131. In Note No. 1, which was written at 10:25 a.m., the jury inquired as follows:

1  - Could the defense team have called their own witnesses?
2  - Could the defense have introduced own/new evidence?
3  - Can we use a computer to demo a theory?

4  *See* ECF Doc. 130. [sic]

5  In Note No. 2, which was written less than ten minutes later at 10:32 a.m., and before the court
6  and the parties had an opportunity to respond to Note No. 1, the jury inquired as follows:

8  - If defense does not raise possibility of malware or remote login by other actors using the defendant's device to commit the crime, should this possibility not be allowed in determining reasonable doubt by jurors in determining guilt?

10  *See* ECF Doc. 131. [sic]

11  The court called both parties to the courtroom and discussed proposed responses to the jury's
12  inquiries. In response to Note No. 1, and with both parties' approval[1], the court simply referred the jury
13  back to the initial instructions, stating

15  > As for your first two questions, please refer to Final Jury Instruction No. 3.2. However, you must follow all of the Final Jury Instructions and not single out some and ignore others. All of the Final Jury Instructions are important.

17  > As for your last question, you have received all the evidence you may consider. Please refer to Final Jury Instruction No. 3.6. Therefore, we will not give you a computer to demo a theory.

19  *See* ECF Doc. 130.

20  In response to Note No. 2, and with both parties' approval[2], the court again simply referred the
21  jury back to the initial instructions, stating

22  > Please refer to Final Jury Instructions 3.2, 3.5, 3.6, and 3.7. However, you must follow all of the Final Jury Instructions and not single out some and ignore others. All the Final Jury Instructions are important.

---

[1] *See* Transcript from June 6, 2018 ("RT") (6:18-22).

[2] *See* RT (14: 1-5).

1  *See* ECF Doc. 131.  The court indicated that its response to Note No. 1 was written at 11:33 a.m., and
2  that its response to Note No.2 was written at 11:44 a.m.; however, both responses were provided to the
3  jury simultaneously after the response to Note No. 2 had been determined.  *See* RT (14: 9-10).
4  Just over three hours after the court had provided its responses to Notes 1 and 2, the jury sent a
5  note to the court in which it indicated it had reached a verdict on all five counts.  *See* ECF Doc. 132.
6  Shortly thereafter, at 3:36 p.m., the jury reconvened in the courtroom and rendered guilty verdicts
7  against Mr. Colby as to all counts.  *See* RT (14:14) (pp. 25-26).

### III.   ARGUMENT

#### A.  Legal Standard for Rule 33 Motion

Under Fed. R. Cr. P. 33, a court "may vacate any judgment and grant a new trial if the interest of justice so requires."  As a motion for a new trial is directed to the discretion of the judge when the 'interest of justice so requires,' *United States v. Moses,* 496 F.3d 984, 987 (9th Cir. 2007), "a district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal," *United States v. Alston,* 974 F.2d 1206, 1211 (9th Cir. 1992).

To determine if a new trial is warranted on alleged error in jury instructions, the court must decide "whether the instructions taken as a whole and viewed in the context of the entire trial – were misleading or confusing, or inadequately guided the jury's deliberations, or improperly intruded on the fact finding process."  *United States v. Warren,* 25 F.3d 890, 898 (9th Cir. 1994).  While it is understood that, absent an objection to a jury instruction at trial, such an error is generally reviewed under the plain error standard, *United States v. Bustillo,* 789 F.2d 1364, 1368 (9th Cir. 1986), juror confusion, which has been found to be grounds for a new trial, can rise to that level if it impacts substantial rights of the defendant.  *See, e.g., United States v. McCabe*, 131 F.3d 149 (9th Cir. 1997); *see also Fed. R. Crim. P. 52(b)*.

///
///
///

**B. The jurors' notes evidenced their confusion with the constitutionally mandated burden of proof in a criminal trial, and the court's failure to respond with the necessary clarity both as to the proper burden and as to whose burden it was impacted substantial rights held by Mr. Colby.**

In its notes to the court, the jury evidenced its confusion with the burden of proof at a criminal trial. In particular, the jury notes evidenced that the jury had shifted the burden to the defense to have affirmatively called witnesses and presented evidence that would have rebutted the government's case – all in contradiction of the foundational tenet in our criminal justice system that it is the government that has the burden of proof to prove guilt beyond a reasonable doubt while the defendant carries no burden at all. While these questions clearly evidenced improper burden-shifting, the responses provided inadequately addressed this misconception – a misconception that impacted substantial rights held by Mr. Colby.

It may be inferred from questions asked by a jury that the jury was confused about a controlling legal principle. *United States v. Frega,* 179 F.3d 793, 809 (9th Cir. 1999) (*citing United States v. Walker*, 575 F.2d 209, 213 (9th Cir. 1978)). When a jury's question indicates that at least some jurors are confused by the original instructions regarding a critical legal issue, "it is not sufficient for the court to rely on more general statements in its prior charge." *United States v. Warren,* 984 F.2d 325, 330 (9th Cir. 1993) (*quoting United States v. Nunez,* 889 F.2d 1564, 1568 (6th Cir. 1989)).

When a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy. *Frega*, 179 F.3d at 809 (*citing Bollenbach v. United States,* 326 U.S. 607, 612-13 (1946)). Indeed, the trial court has a "duty to respond to the jury's request with sufficient specificity to clarify the jury's problem." *Id.* While the "precise manner by which the court fulfills this obligation is a matter committed to its discretion," *Arizona v. Johnson,* 351 F.3d 988, 994 (9th Cir. 2003), the Supreme Court has clearly stated that it is reversible error for a trial judge to give an answer to a jury's question that is misleading, unresponsive, or legally incorrect. *Id.* at 810.

Here, it may reasonably be inferred from Jury Notes No. 1 and 2 that the jury was confused about the controlling legal principle of who has the burden of proof in a criminal trial. In Note No. 1, notwithstanding the guidance initially provided in Final Instruction 3.2, which explicitly stated that the "defendant does not have to testify or present any evidence," *see* ECF Doc. 99 at 3, the jury inquired if

the defense team could have called witnesses and/or introduced its own evidence.  *See* ECF Doc. 130.  Similarly, in Note No. 2, again notwithstanding the guidance initially provided in Final Instructions 3.2, 3.5, 3.6, and 3.7, the jury inquired into its ability to consider a theory not raised by the defense in its determination as to whether reasonable doubt existed.  *See* ECF Doc. 131.

Requiring the government to prove a defendant's guilt beyond a reasonable doubt is a controlling legal principle in our criminal justice system.  *See In re Winship*, 397 U.S. 358 (1970); *see also Taylor v. Kentucky*, 436 U.S. 478, 485-86 (1978) ("The Due Process Clause of the Fourteenth Amendment must be held to safeguard against the dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.").  Necessarily, then, so too is ensuring that any burden to present evidence and/or to disprove a certain theory is not improperly shifted to the defendant.  *See Cool v. United States*, 409 U.S. 100, 104 (1972) (Any jury instruction that "reduces the level of proof necessary for the government to carry its burden… is plainly inconsistent with the constitutionally rooted presumption of innocence.")

As the questions set forth in Jury Notes No. 1 and 2 indicated that that at least some of the jurors were confused by the original instructions regarding the critical legal issue of the burden of proof, it was not sufficient for the court to merely rely on the general statements in its prior charge.  *Warren, infra.*  Simply referring the jury back to the Final Jury Instructions did nothing to alleviate the jury's apparent confusion, and did not provide sufficient specificity to clarify the problem.  *Frega, infra.*  The jury was provided with no additional guidance, thus allowing the unconstitutional burden-shifting evidenced in both notes, but most clearly in Jury Note No. 1, to proceed unchecked and uncorrected.

By failing to respond to correct the jury's misconception of the burden of proof – a guiding legal principle that is constitutionally mandated, the court committed error, resulting in Mr. Colby's substantial right to due process of law as guaranteed by the Fifth Amendment of the United States Constitution being affected.  As stated by the Supreme Court,

> The requirement of proof beyond a reasonable doubt has [a] vital role in our criminal procedure for cogent reasons.  The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by

-7-

> the conviction. … There is always in litigation a margin of error, representing error in factfinding, which both parties must take into account. Where one party has at stake an interest of transcending value – as a criminal defendant his liberty – this margin of error is reduced as to him by the process of placing on the other party the burden of persuading the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt. Due process commands that no man shall lose his liberty unless the Government has borne the burden of convincing the factfinder of his guilt.

*Winship,* 397 U.S. at 363-64.

It is within this Court's discretion to grant a new trial pursuant to Fed. R. Cr. P. 33, and given the circumstances, it would be an appropriate exercise of this Court's power to do so. It was not sufficient for the court to refer the jury back to the initial, general instructions in its prior charge as that would not, and could not, correct the apparent impression of at least some jurors that the defense had a burden to present evidence and/or witnesses – an impression that was directly contrary to Mr. Colby's constitutional right that the government alone has the burden of proof and must prove his guilt beyond a reasonable doubt. A new trial, without this jury's evidenced and unchecked confusion and burden-shifting, would be in the interest of justice.

## IV.     CONCLUSION

For the reasons stated above, Mr. Colby respectfully requests that this Court grant his Motion made under Fed. R. Crim. P. 33 and order a new trial on all counts.

Respectfully submitted this 29th day of June, 2018.

*/s/ Vicki H. Young*
VICKI H. YOUNG
*Attorney for Defendant Ross Colby*