1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  SUSAN KNIGHT (CABN 209013)
   JOSEPH E. SPRINGSTEEN (DCBN 474317)

5  Assistant United States Attorneys

6  DEBORAH CHOI
   Law Clerk

7
          150 Almaden Boulevard, Suite 900
8         San Jose, California 95113
          Telephone: (408) 535-5061
9         FAX: (408) 535-5066
          E-Mail:Susan.Knight@usdoj.gov
10               Joseph.Springsteen@usdoj.gov

11 Attorneys for United States of America

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

16 UNITED STATES OF AMERICA,          )  No. CR 17-00168 LHK
                                      )
17         Plaintiff,                 )  **UNITED STATES' OPPOSITION TO**
                                      )  **DEFENDANT'S MOTION FOR A NEW TRIAL**
18      v.                            )
                                      )  Hearing:  August 22, 2018
19 ROSS COLBY,                        )  Time:  9:15 a.m.
                                      )  Court:  Honorable Lucy H. Koh
20         Defendant.                 )
   _____)

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

FACTUAL BACKGROUND ..............................................................................................1

ARGUMENT .................................................................................................................7

I.     The Court Should Deny Defendant's Rule 33 Motion Because the Interest of Justice Does Not Require that Defendant Receive a New Trial ............................................7

     A.     Legal Standard ...............................................................................7

     B.     The Court Did Not Err in its Response to the Jury's Notes ...................................9

     C.     The Defendant's Assertion that Referring Jurors to the Original Instructions Failed to Address the Burden of Proof Issue is Unsupported ...............................9

     D.     Contrary to the Defendant's Arguments, There is No Evidence of Jury Confusion or Burden Shifting ............................................................10

CONCLUSION ...........................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Allen v. United States*, 186 F.2d 439 (9th Cir. 1951) ........................................................ 8

*Arizona v. Johnson*, 351 F.3d 988 (9th Cir. 2003) ........................................................... 8

*Bollenbach v. United States,* 326 U.S. 607 (1946) ........................................................... 8

*United States v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) ................................................. 10

*United States v. Bustillo*, 789 F.2d 1364 (9th Cir. 1986) ................................................. 8

*United States v. Dorri*, 15 F.3d 888 (9th Cir. 1994) ........................................................ 8

*United States v. Frega*, 179 F.3d 793 (9th Cir. 1999) ................................................. 9, 10

*United States v. Giese,* 597 F.2d 1170 (9th Cir. 1979) ..................................................... 8

*United States v. Jinian*, 2011 WL 5056978 (N.D. Cal. 2011) ......................................... 8

*United States v. Joetzki*, 952 F.2d 1090 (9th Cir. 1991) ................................................... 8

*United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000) ............................................ 7

*United States v. McCall,* 592 F.2d 1066 (9th Cir. 1979) .................................................. 8

*United States v. Nolasco*, 926 F.2d 869 (9th Cir. 1991) ................................................. 10

*United States v. Warren*, 25 F.3d 890 (9th Cir. 1994) ...................................................... 9

*United States v. Warren*, 984 F.2d 325 (9th Cir. 1993) ............................................... 9, 10

*Wilson v. United States,* 422 F.2d 1303 (9th Cir. 1970) .................................................. 8

## FEDERAL STATUTES

18 U.S.C. § 1030(A)(2)(C) .................................................................................................. 1

18 U.S.C. §§ 1030(A)(5)(A) ............................................................................................... 1

## RULES

Fed. R. Crim. P. 33(a) ......................................................................................................... 7

On June 6, 2018, after a five-day jury trial, defendant Ross Colby was convicted of one count of intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i), one count of attempted damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(ii), and three counts of misdemeanor computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C).

The defendant now moves for a new trial based upon alleged defects in the Court's responses to two juror notes concerning the burden of proof and the type of evidence the jurors could consider in reaching a verdict.  Dkt. No. 144.  He claims that it could be inferred from the jury's questions that they were confused about the burden of proof and that the Court's responses failed to adequately address this alleged confusion, thereby impacting his constitutional rights.  Dkt. No. 144 at 3.

Contrary to the defendant's claims, there is no evidence that the jurors were confused about the burden of proof after the Court responded to their notes.  The Court's responses, to which the defendant agreed, directed the jury to the appropriate Ninth Circuit model jury instructions regarding the presumption of innocence and burden of proof, the definition of reasonable doubt, and what evidence the jury may and may not consider.  In addition, the Court reminded the jury that all of the instructions were important, and that they must follow them.  Moreover, no additional jury notes were sent after the Court's responses, and the jury reached a verdict approximately three hours later.[1]

Accordingly, the defendant's motion for a new trial should be denied.

## FACTUAL BACKGROUND

On April 6, 2017, a grand jury returned an Indictment charging the defendant with one count of intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(b)(i), one count of attempted damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(b)(ii), and three counts of misdemeanor computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C).  The charges related to the defendant's access and modification of Embarcadero Media's

---

[1] Although the defense raised the possibility that new evidence, discovered after the jury had begun its deliberations, might have caused the defendant to alter his trial strategy and that this would be grounds for a new trial, the defendant did not reassert this argument in his formal Rule 33 motion. Accordingly, the government has limited its response to the arguments raised by the defendant in his pleadings.

account at its domain registrar, GoDaddy.com, and access of email accounts belonging to Embarcadero Media and its employees and hosted at Google.  Embarcadero Media is an online newspaper publisher headquartered in Palo Alto, California and the parent company to numerous Bay Area print and online publications, including the Palo Alto Weekly, the Almanac of Menlo Park and the Mountain View Voice.  Dkt. No. 1.

After litigation of several pretrial issues, the parties proceeded to trial on May 29, 2018.  Dkt. No. 107.  The jury began its deliberations on June 5, 2018, and the following morning submitted two notes to the Court.  The first note, submitted at 10:25 a.m., asked the following questions:

- Could the defense team have called their own witnesses?

- Could the defense have introduced own/new evidence?

- Can we use a computer to demo a theory?

Dkt. No. 130.

The second note, submitted at 10:32 a.m., asked the following question:

- If the defense does not raise [the] possibility of malware or remote login by other actors using the defendant's device to commit the crime, should this possibility not be allowed in determining reasonable doubt by jurors in determining guilt?

Dkt. No. 131.

The Court and the parties subsequently discussed the notes and how best to draft responses to them.  Outlined below is the pertinent discussion regarding Note Number 1:

| | |
|---|---|
| AUSA Knight: | For Note Number 1, for the first two questions, the government would recommend that they be referred to the instructions. |
| The Court: | To a specific one, or just to say "you are referred to the final jury instructions"?  I usually am reluctant to place undue emphasis on a specific instruction; but on the other hand, if there's no objection, I'm fine with point them to -- |
| AUSA Knight: | I think just pointing them globally to the instructions.  The government is uncomfortable, like the Court, with pointing them to a specific instruction. I don't know how Ms. Young feels. |
| The Court: | Or we could point them to 3.2, which just says "the defendant does not have to testify or present any evidence.  The defendant does not have to |

| | | |
|---|---|---|
| | | prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt. |
| Ms. Young: | | Your Honor, I was going to request that the Court refer the jury to 3.2 for those two reasons. |
| * * * | | |
| The Court: | | Okay.  And then what I would do is I would add the following sentence from 3.1, which says "you must follow all of the final jury instructions and not single out some and ignore others; they are all important."  So I'll add that, which I think somewhat cures any undue emphasis concerns. |
| | | And then as far as the last question, I'll just say, "you have received all of the evidence that you may consider.  Therefore, you cannot" – you know, "we will not give you a computer to do your own demonstration of a theory." |
| AUSA Knight: | | We agree with that, your Honor. |
| The Court: | | Okay.  All right. |
| | | So, this first instruction, give me the language – should I just say as – "As for your first two questions" – |
| Ms. Young: | | Please review Instruction 3.2. |

Dkt. No. 139, Reporter's Transcript ("RT") on 6/6/18 at 2:18-25; 3:1-11, 14-25; 4:1-3.

The parties then discussed how to respond to the last part of Note Number 1, which requested a computer to "demo a theory," and the parties agreed that the jury should be directed to Final Jury Instruction 3.6.  RT at 4:10-25; 5:1-23.  The Court drafted the following response to Note Number 1:

As for your first two questions, please refer to the Final Jury Instruction No. 3.2.  However, you must follow all of the Final Jury Instructions and not single out some and ignore others.  All of the Final Jury Instructions are important.

As for your last question, you have received all the evidence you may consider.  Please refer to Final Jury Instruction No. 3.6.  Therefore, we will not give you a computer to demo a theory.

RT at 6:8-17; Dkt. No. 130.

Both the parties agreed that the response was satisfactory.  RT at 6:18-21.

The Court and parties then turned to an extensive conversation regarding a response to Note Number 2.

U.S.' OPP. TO NEW TRIAL
CR 17-00168 LHK                                      3

| | | |
|---|---|---|
| 1 | AUSA Knight: | Your Honor, I think, again, the government recommends that they go back to the instructions. |
| 2 | | |
| 3 | The Court: | And which ones? I think going back to 3.2 is appropriate. |
| 4 | * * * | |
| 5 | The Court: | But then do we go back to reasonable doubt? 3.2 and 3.5? And then have the same curative language "you must follow all of the final jury instructions and not single out some and ignore others; they are all important"? What's your thought? |
| 6 | | |
| 7 | | |
| 8 | AUSA Knight: | So we were looking at 3.2. |
| 9 | The Court: | Yes, 3.2 says, "defendant does not have to testify or present any evidence. The defendant does not have to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt." |
| 10 | | |
| 11 | | |
| 12 | | And then 3.5 would be reasonable doubt defined. |

13  RT at 7:10-13, 15-25; 8:1.

| | | |
|---|---|---|
| 14 | AUSA Knight: | And then 3.6 and 3.7 on what is evidence and what is not evidence. |
| 15 | Ms. Young: | Your Honor, that – I'm concerned that in terms of Note Number 2, in referring to what is – Well, this says the evidence you are to consider in deciding what the facts are, so that is correct. |
| 16 | | |
| 17 | | |
| 18 | | But I'm concerned that they jury is going to interpret a response including 3.6 to foreclose their consideration of any theories. But I don't know how to – this says "should this possibility not be allowed in determining"? |
| 19 | | |
| 20 | | In fact, there was testimony by Special Agent Hellman of malware as a possibility. It was in his testimony. So there is some testimony about malware. I certainly did not argue it. |
| 21 | | |
| 22 | | But I --- |
| 23 | The Court: | I don't recall malware. |
| 24 | | |
| 25 | | I do recall remote login. |
| 26 | AUSA Knight: | Remote logins. |
| 27 | Ms. Young: | But that was a – |
| 28 | The Court: | Remote login, not malware. |

| | | |
|---|---|---|
| AUSA Knight: | But that was very brief. |
| Ms. Young: | It was remote, but it had to do with remote login. |
| The Court: | Then you should have no problem with citing 3.6 then. |

RT at 8:2-25.

| | |
|---|---|
| The Court: | So then should I say "please refer to jury instruction numbers 3.2, 3.5, 3.6 and 3.7.  However, you must follow all of the final jury instructions and not single out some and ignore others.  All of the final jury instructions are important." |
| AUSA Knight: | I think that's fine, your Honor, because you are emphasizing certain instructions, but also giving them the caveat that all the instructions are important as a whole. |

* * *

| | |
|---|---|
| Ms. Young: | Yes, your Honor.  I – My memory is that there was testimony regarding the possibility of remote logins.  There was testimony.  We did not raise the possibility, but there was testimony. |
| | So should there be any indication that there was testimony regarding remote login – I'm just concerned that the language that we're giving them is going to suggest that there wasn't evidence – that there wasn't evidence of remote – of the possibility of remote login.  I believe there was evidence of it. |
| | I do agree I did not argue it. |
| AUSA Knight: | There was brief testimony.  But we'd object to any, any way of – they need to rely on their own memory, their own notes.  I don't want to direct them to what was said or wasn't said. |

RT at 9:2-9, 12-25; 10:1.

| | |
|---|---|
| The Court: | I also understood the testimony to be that – at the least the government's position was that Mr. Colby could be remote logging in to even the Flying Pig Bistro from Massachusetts.  I understood that that testimony was in that light. |
| | But it could be interpreted either way, that anyone could be doing a remote login. |

* * *

| | |
|---|---|
| The Court: | I didn't sense that it was limited to remote logins by other actors and not Mr. Colby is my recollection. |

|  |  |  |
|---|---|---|
| | | But I – I could be wrong on that, that it was somewhat open-ended. |
| Ms. Young: | | It was very broad. |
| AUSA Knight: | | It was an open-ended question. |
| The Court: | | Could somebody remote login from a different geographic location?  That testimony is in the record, I agree. |
| AUSA Knight: | | And factually, I think we should not reference any facts.  I think it's up to them to remember based on their notes and their memory without discussing facts.  I think pointing to the instructions, the instructions globally, without referencing facts – |
| The Court: | | I'm not going to say, "there was testimony as to x, but not y."  I'm not going to do that.  That is inappropriate.  That is placing undue emphasis on specific evidence, which I don't think is appropriate. |

* * *

| The Court: | | We could also include circumstantial evidence.  Do you want that, the direct and circumstantial evidence? |
|---|---|---|
| Ms. Young: | | I was looking at 3.7 in terms of what is not evidence talking about questions and statements and arguments by lawyers are not evidence, because I'm trying to separate out what – How I read their note saying the attorney didn't argue it versus whether there was evidence of it. |
| | | I'm wondering whether including Paragraph 1 of Instruction 3.7 should be included in your response. |
| Ms. Young: | | I'm just – |
| The Court: | | Oh, I was going to include 3.7 in its entirety. |
| Ms. Young: | | All right. |

* * *

| The Court: | | It was going to be a citation to 3.2, which is presumption of innocence, burden of proof. |
|---|---|---|

* * *

| The Court: | | 3.5, reasonable doubt defined. |
|---|---|---|
| Ms. Young: | | Okay. |

| | |
|---|---|
| The Court: | 3.6, what is evidence; 3.7, what is not evidence; and then the instruction that you have to follow all the final jury instructions. |
| Ms. Young: | Yes.  I would -- I think that would be fine then, your Honor.  I would not |
| The Court: | Include anything else? |
| Ms. Young: | I would object to getting into direct and circumstantial, but – |
| The Court: | Okay.  So any objection to me writing it up as I've just proposed? |
| AUSA Knight: | No, your Honor.  Thank you. |

RT at 10:2-8, 10-25; 11:1-3, 18-25; 12:1-7, 10-11, 13-25.

After further discussion, the Court and the parties agreed to the following response to Note Number 2:

Please refer to Final Jury Instructions 3.2, 3.5, 3.6, and 3.7.  However, you must follow all of the Final Jury Instructions and not single out some and ignore others.  All the Final Jury Instructions are important.

RT at 13:15-25; 14:1-5; Dkt. No. 131.

On June 6, 2018, the defendant was convicted on all counts. Dkt. No. 133.

## ARGUMENT

**I.    The Court Should Deny Defendant's Rule 33 Motion Because the Interest of Justice Does Not Require that Defendant Receive a New Trial.**

### A.    Legal Standard

The defendant moves for relief under Rule 33(a) of the Federal Rules of Criminal Procedure, which provides that the Court may, upon defendant's motion, vacate a judgment and grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  In general, "[a] district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal."  *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).  For example, when evaluating a motion for a new trial, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses."  *Id.*  "By the plain terms of Rule 33, however, this Court's focus must be whether failing to

1    grant a new trial would result in manifest injustice." *United States v. Jinian*, 2011 WL 5056978, at *7

2    (N.D. Cal. 2011), *aff'd* 712 F.3d 1255 (9th Cir. 2013).

3         District courts have wide discretion in crafting jury instructions and this expansive discretion

4    carries over to how a trial judge chooses to respond to jury questions that arise during its deliberations.

5    *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003) (citing *Allen v. United States*, 186 F.2d 439, 444

6    (9th Cir. 1951)).  The precise manner by which the court fulfills its obligation under *Bollenbach v.*

7    *United States,* 326 U.S. 607, 612-13 (1946) – to address the difficulties which a jury may have with

8    "concrete accuracy" – is a matter committed to its discretion.  *Id.* ("The necessity, extent and character

9    of additional instructions are matters within the sound discretion of the trial court." (quoting *Wilson v.*

10   *United States,* 422 F.2d 1303, 1304 (9th Cir. 1970)).  It is within the discretion of the court to simply

11   refer the jury to the instructions that have already been given.  *Id.* at 995 (referring to *United States v.*

12   *McCall,* 592 F.2d 1066, 1068-69 (9th Cir. 1979), where the court found that a district court's re-reading

13   of its original instructions without specifically providing a yes or no answer was not reversible error,

14   given that the original instructions correctly stated the law and generally addressed the jury's question).

15        In assessing the defendant's arguments that omitted jury instructions entitle him to a new trial,

16   the legal standard is whether the jury instructions as a whole were misleading or inadequate to guide the

17   jury's deliberations.  *United States v. Joetzki*, 952 F.2d 1090, 1095-96 (9th Cir. 1991).  Because the

18   defendant failed to object to the Court's responses to the juror notes prior to this Rule 33 motion, the

19   Ninth Circuit will review the Court's responses for plain error.  *See United States v. Dorri*, 15 F.3d 888,

20   891 (9th Cir. 1994); *see also United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir. 1986) (holding that

21   a jury instruction with no objection at trial is reviewed under the plain error standard).  A plain error

22   finding requires that the error was *highly* prejudicial and affected substantial rights.  *Bustillo*, 789 F.2d at

23   1367 (citing *United States v. Giese,* 597 F.2d 1170, 1199 (9th Cir. 1979), *cert. denied,* 444 U.S. 979

24   (1979)).  The burden is on the defendant to establish that the error was prejudicial.  *Dorri*, 15 F.3d at

25   891.  Reversal of a criminal conviction on the basis of plain error is an exceptional remedy that is only

26   invoked to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial

27   process.  *Bustillo*, 789 F.2d at 1367.  An improper instruction rarely justifies a finding of plain error, and

28   the availability of a better instruction does not provide a ground for reversal.  *Id.* at 1367-68.

1

**B.      The Court Did Not Err in its Response to the Jury's Notes**

2           By referring only to the model instructions and not including extraneous instructions or

3   information, the Court did not err in its response.  Rather, the Court properly responded to the notes

4   received by the jury, in each case directing the jurors back to the Ninth Circuit model jury instructions

5   while emphasizing that the jurors were obligated to follow all of the instructions, and not single out

6   some and ignore others.  Dkt. Nos. 130, 131.

7           In the defendant's motion for a new trial, he cites *United States v. Frega*, 179 F.3d 793 (9th Cir.

8   1999), and *United States v. Warren*, 984 F.2d 325 (9th Cir. 1993)[2], in support of the assertion that jurors

9   engaged in burden-shifting.  Neither are applicable here.  As a threshold matter, unlike in *Frega* and

10  *Warren*, the defendant in this case did not object to the Court's proposed response to the jury notes.  *See*

11  RT at 6:21, 14:3.  In *Frega*, the court presided over a "highly contentious conference" to discuss a

12  response to the jury notes and ultimately rejected the response that both the defense and prosecution

13  agreed was proper.  179 F.3d at 808-09.  In *Warren*, the court rejected the defendant's request to refer

14  the jury to a particular jury instruction.  984 F.2d at 330.  Instead, here, the Court incorporated the

15  defendant's requests to include Jury Instructions No. 3.2 and 3.7 in its response.  *See* RT at 3:10-11;

16  12:2-3.

17

**C.      The Defendant's Assertion that Referring Jurors to the Original Instructions Failed to Address the Burden of Proof Issue is Unsupported**

18

19          Unlike the district courts' answers to jury questions in *Frega* and *Warren*, the Court's response

20  to the jury notes here was substantively responsive and accurately stated the law.  In *Warren*, the court

21  found that the district court abused its discretion by referring the jury back to the original instructions

22  because its response did not correct the jurors' inaccurate impression that intent "to hurt" rather than "to

    kill" might be sufficient for a first degree murder conviction.  984 F.2d at 330.

23

24          Similarly, in *Frega*, the court found that the district court's failure to address the jury's confusion

25  as to what conduct could constitute the requisite predicate acts for the RICO conspiracy charge was what

26

27          [2] The defendant also cited to *United States v. Warren*, 25 F.3d 890 (9th Cir. 1994), another case
    with the same defendant.  However, in that case, the court was considering whether the district court
28  erred in limiting the defendant's theory of defense instruction, which has no direct bearing on the case at
    hand.

1  made its response misleading, unresponsive, and legally incorrect.  179 F.3d at 809-10.  Unlike the

2  intent question in *Warren* and the requisite predicate acts issue in *Frega*, the alleged confusion about the

3  burden of proof in this case concerns a legal issue that was accurately addressed by the Court's referral

4  to the original jury instructions, which were the model jury instructions adopted by the Ninth Circuit.

5  *See id.*; *Warren*, 984 F.2d at 330; Manual of Model Criminal Jury Instructions §§ 3.2, 3.5-3.7 (9th Cir.

6  2010 ed.).

7          Whereas the district court's response in *Frega* had excluded certain predicate acts from the jury's

8  consideration and expanded the jury's review to conduct that could not constitute predicate acts, the

9  Court, here, referred to model jury instructions on the presumption of innocence, burden of proof, and

10  definition of reasonable doubt, all of which are specifically tailored to address any alleged confusion as

11  who bears the burden of proof.  *See* Dkt. No. 122; 179 F.3d at 808-10; *see also United States v. Nolasco*,

12  926 F.2d 869, 873 (9th Cir. 1991) (finding that the district court did not abuse its discretion in refusing

13  to define reasonable doubt, because the instructions given to the jury identified the reasonable doubt

14  standard numerous times, included an instruction on the presumption of innocence, and noted that the

15  government must prove each element "beyond a reasonable doubt").  As such, the Court's response to

16  the jury notes in this case was entirely appropriate and do not constitute a reversible error.  *See United*

17  *States v. Anekwu*, 695 F.3d 967, 987 (9th Cir. 2012) (recognizing similar distinctions to *Warren* and

18  *Frega* to find that the re-reading of jury instructions in response to the jury's question was not a plain

19  error when the jury instruction accurately stated the law).

20          **D.      Contrary to the Defendant's Arguments, There is No Evidence of Jury Confusion or**
              **Burden Shifting**

21

22          The defense argues that the questions received from the jury indicate that they were confused at

23  the time they rendered a verdict, approximately three hours later.  In fact, the opposite inference, which

24  is supported by the fact that no additional notes were forthcoming before the verdict, is more likely:  that

25  the Court's unambiguous responses directing the jurors back to the jury instructions fully addressed their

26  questions.

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's Motion for a New Trial.

DATED: 7/13/18                                   Respectfully submitted,

                                                 ALEX G. TSE
                                                 Acting United States Attorney

                                                 /s/
                                                 SUSAN KNIGHT
                                                 JOSEPH E. SPRINGSTEEN
                                                 Assistant United States Attorneys
                                                 DEBORAH CHOI
                                                 Law Clerk